COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


TODD EMERSON TEBAULT

v.      Record No. 2357-94-1        MEMORANDUM OPINION[*] BY
                                    JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA             FEBRUARY 13, 1996

        FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                    William L. Forbes, Judge

        David W. Bouchard (Bouchard & Smith, on
        brief), for appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     The appellant, Todd Emerson Tebault, was convicted in a jury

trial of attempting to possess cocaine in violation of Code

§§ 18.2-250 and 18.2-257.  On appeal, he contends that the

Commonwealth failed to demonstrate an overt, ineffectual act

beyond mere preparation, and that the fact finder was required to

believe his explanation of his actions.  We disagree and affirm.

                              **I.**

     On May 13, 1994, Detective Tracy Dean was engaged in a

reverse sting operation in which undercover officers posed as

drug dealers in order to arrest people attempting to buy

imitation crack cocaine offered for sale by the undercover

officers.  The officers set up in an open area located off a

---

[*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

dead-end dirt road, an area that was the subject of citizen complaints of drug sales. Dean testified that one caller complained that a "male by the name of Larry [was] selling cocaine at that location." The officers used an imitation substance that resembled crack cocaine. It was packaged in plastic bags similar to the type used by street dealers.

Detective Robert Smith testified that appellant drove his truck "down the dirt road [and] then stopped his vehicle. He [appellant] said where is Larry?" Smith told appellant "Larry just left, but I have what you want." Appellant, who was alone in the truck, responded, "Oh, yeah. Let me see." Smith walked closer to appellant, and, when he displayed baggies of imitation cocaine, appellant "said he was looking for a 16th, which led [Smith] to believe, based on [his] training and experience, [that appellant] was looking for a 16th of an ounce of crack cocaine." Smith showed appellant two pieces of imitation cocaine weighing approximately one sixteenth of an ounce. Appellant "picked up the bags, looked at them, turned them over, and then put them back in [Smith's] hand. At that point [appellant] told [Smith] that he had the money and [appellant] showed [Smith] $80 . . . in his right hand . . . ." Appellant held the money in his hand so that Smith was able to count it. "At this point [appellant] said he was shopping around. He again put it [the imitation cocaine] back in [Smith's] hand and [Smith] motioned for the arrest team to come in, and [appellant] was subsequently arrested." Smith

-2-

stated that appellant did not appear uncomfortable or agitated, and he described appellant's demeanor during the transaction as "calm."

The police searched appellant's truck and found no drugs or drug-related items.

Appellant testified that he was looking for his cousin, a drug user, and that he pretended to be interested in buying drugs so he could look around the area in the hope of finding his cousin. He explained that, through his cousin, he learned the street jargon for a "sixteenth" of an ounce of crack and how much it costs. Appellant stated that he was scared and nervous the entire time. He admitted opening his wallet and showing Smith money, but he denied taking the money from the wallet and holding it for Smith to see.

On rebuttal, Detective Thomas Downing testified that, after he was arrested, appellant said "something to the effect that either his brother or his cousin had been involved somehow or addicted to drugs and that he was out scouting areas where he suspected that his cousin or brother was buying drugs."

## II.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

"'[A]n attempt is composed of two elements: the intention

to commit the crime, and the doing of some direct act toward [sic] its consummation which is more than mere preparation but falls short of execution of the ultimate purpose.'" Scott v. Commonwealth, 7 Va. App. 252, 263, 372 S.E.2d 771, 778 (1988) (citation omitted), cert. denied, 109 S. Ct. 2441 (1989).

Once a person "proceeds so far in [a crime] that his act amounts to an indictable attempt, it does not cease to be such, though he voluntarily abandons the evil purpose." Howard v. Commonwealth, 207 Va. 222, 229, 148 S.E.2d 800, 805 (1966); see also Glover v. Commonwealth, 86 Va. 382, 386, 10 S.E.2d 420, 421 (1889).

Viewed in the light most favorable to the Commonwealth, the evidence proved that appellant drove to a secluded area, asked, by name, for a person known to the police as a drug seller, used street jargon to request a "sixteenth" of an ounce of crack cocaine, held out the proper amount of cash to pay for a sixteenth of an ounce of crack cocaine, handled the package of imitation crack cocaine, and handed the imitation drugs back to the undercover officer, indicating that he was shopping around. Appellant did all that was necessary to possess illegal drugs except exchange his money for the imitation crack cocaine. No further acts were required except to consummate the transaction, which, for whatever reason, appellant chose not to do. See Sizemore v. Commonwealth, 218 Va. 980, 986, 243 S.E.2d 212, 215 (1978) (affirming conviction for attempted murder though

defendant never fired weapon at victim and voluntarily handed gun to friend).  Accordingly, the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that appellant did a direct act to possess cocaine that was more than mere preparation.

When weighing the evidence, the fact finder is not required to believe all aspects of a defendant's statement or testimony; the trial judge or jury may reject that which it finds implausible, yet accept other parts which it finds to be believable.  Durham v. Commonwealth, 214 Va. 166, 169, 198 S.E.2d 603, 606 (1973).  Moreover, "what inferences are to be drawn from proved facts is within the province of the jury and not the court so long as the inferences are reasonable and justified."  Higginbotham v. Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975).

The jury believed the Commonwealth's evidence and its theory of the case, and, based on that evidence, inferred that appellant attempted to possess cocaine.  Conversely, the jury rejected appellant's explanation.  "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide."  Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).  Therefore, the evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty of attempting to possess cocaine.

Accordingly, we affirm the defendant's conviction.

<u>Affirmed.</u>