COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


TERRENCE MACK BOOTH, S/K/A
 TERRANCE BOOTH
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0862-95-1    JUDGE JERE M. H. WILLIS, JR.
                                         JUNE 11, 1996
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     John C. Morrison, Jr., Judge

              Timothy P. Sceviour (Abrons, Fasanaro &
              Sceviour, on brief), for appellant.

              Steven A. Witmer, Assistant Attorney General
              (James S. Gilmore, III, Attorney General, on
              brief), for appellee.


     On appeal from his convictions of second degree murder and
use of a firearm in the commission of murder, Terrence Mack Booth
contends the evidence is insufficient to support his convictions.
We disagree and affirm the judgment of the trial court.

     On appeal, we view the evidence in the light most favorable
to the Commonwealth, granting to it all reasonable inferences
fairly deducible therefrom. Higginbotham v. Commonwealth, 216
Va. 349, 352, 218 S.E.2d 534, 537 (1975). The judgment of a
trial court sitting without a jury will not be set aside unless
plainly wrong or without evidence to support it. Martin v.
Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

     On August 28, 1994, at approximately 9:30 p.m., Officer

---
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Andreano of the Norfolk Police Department responded to a radio dispatch that a man had been shot close to the intersection of 28th Street and Debree Avenue.  Upon his arrival at the scene, Officer Andreano found the victim lying dead on the ground with blood on his face and surrounding his head.  No other shooting occurred in that area on August 28, 1994.

Sharmeka Spratley testified that on the evening of August 28, 1994, Booth telephoned her and arranged to spend the night at her home.  He told her that "he shot somebody or he might have."  The next morning, Ms. Spratley and two friends drove Booth home.  At the intersection of 28th Street and Debree Avenue, the driver, Ms. Jerry Morris, asked Booth, "where the gentlemen he had killed at."  Booth pointed to the crime scene, which was cordoned off with yellow tape, and replied, "right over there."

Booth contends that the evidence against him is wholly circumstantial.  Acknowledging that the evidence is suggestive of his guilt, he argues that it nonetheless fails to exclude every reasonable hypothesis of innocence and, thus, is insufficient to support his conviction.  We disagree.

Direct evidence is evidence which tends to establish a fact in issue without the aid of an inference.

It is

> [E]vidence that directly proves a fact, without an inference or presumption, and which in itself, if true, conclusively establishes that fact.

\*     \*     \*     \*     \*     \*     \*

Circumstantial evidence, sometimes called indirect

evidence, is evidence of facts and circumstances not in issue from which facts or circumstances in issue may be inferred.

Friend, The Law of Evidence in Virginia (Fourth Edition, 1993), § 12-1.

Officer Andreano's description of his findings at the crime scene is direct evidence. Likewise, Sharmeka Spratley's report of Booth's statements is direct evidence. However, the inference required to link those two elements of proof, renders each of those elements circumstantial proof as to the issue of whether Booth killed the victim.

Although this case is based on circumstantial evidence, circumstantial evidence is sufficient to support a conviction. Hughes v. Commonwealth, 18 Va. App. 510, 518, 446 S.E.2d 451, 456 (1994) (en banc) (citation omitted).

> All necessary circumstances proved must be consistent with guilt and inconsistent with innocence; they must exclude every reasonable hypothesis of innocence; the chain of these circumstances must be unbroken; and the "circumstances of motive, time, place, means, and conduct must all concur to form an unbroken chain" linking the appellant to the crime beyond a reasonable doubt.

Id. at 518-19, 446 S.E.2d at 457 (citation omitted). The proof must exclude only those reasonable hypotheses of innocence that flow from the evidence, and not those that derive from the ruminations of defense counsel. See Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988), cert. denied, 496 U.S. 911 (1990).

The evidence supports Booth's convictions.  He confessed to Ms. Spratley that "I shot someone."  When passing the crime scene the following day, he said "that's where it happened."  No other shootings occurred in that area on August 28, 1994.  Booth admitted his presence at the crime scene, but stated that he thought the victim was drunk.  The trial court found this explanation incredible.  When the trial court asked defense counsel to offer a reasonable hypothesis of innocence, counsel could proffer none.  The evidence unerringly compels the conclusion of Booth's guilt.

The judgment of the trial court is affirmed.

Affirmed.
