COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Salem, Virginia


DARRELL ROOSEVELT LAYNE
                                    MEMORANDUM OPINION[*]
v.         Record No. 1492-95-3    BY JUDGE JOSEPH E. BAKER
                                        OCTOBER 8, 1996
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF WISE COUNTY
                      J. Robert Stump, Judge

              (Jeffery L. Elkins; Adkins, Elkins &
              Hunnicutt, on brief), for appellant.

              Kathleen B. Martin, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.



     Darrell Roosevelt Layne (appellant) appeals from a judgment

of the Circuit Court of Wise County (trial court), that approved

his jury trial conviction of carrying a concealed weapon, third

offense, in violation of Code § 18.2-308.  On appeal, appellant

challenges the sufficiency of the evidence to support his

conviction.  The Commonwealth asserts that appellant's appeal is

procedurally barred and, in the alternative, that the evidence

supports the conviction.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Martin v. Commonwealth,

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  Viewed

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

accordingly, the record reveals that on March 29, 1994, at about 9:52 a.m., Officer George Sewell (Sewell) of the Wise Police Department, responded to a report from a fellow officer that "a man [was] sick or drunk in a parked vehicle on Lake Street below the church." Sewell found appellant, whom he knew, asleep in his pickup truck. The truck was parked on a private dirt road. Sewell woke appellant and appellant opened the passenger door to facilitate conversation.

Sewell saw several rounds of different caliber ammunition throughout the vehicle. Appellant consented to a search of his vehicle, and Sewell found a .380 automatic handgun under the front passenger seat. The gun was loaded with six rounds of ammunition, was placed completely under the seat, was not visible to common observation, and was "easily accessible" to appellant. Appellant told Sewell that he forgot the gun was in the truck and that he thought he could carry a concealed weapon in his own vehicle. Appellant told Sewell that he was living in his truck because he had been "put out of" his trailer; however, when Sewell arrested appellant, appellant gave his address as "Lot 62, County Manor Trailer Park." Sewell knew that appellant had lived in a trailer at that address.

Melissa Joseph (Joseph), appellant's girlfriend, testified that she and appellant had lived together in the trailer until he moved out on March 21, 1994. According to Joseph, appellant "lived in his truck," sleeping in it, while parked "close to the

trailer," at night.  She would wake appellant in the mornings and he would come back to the trailer when the children went to school.  Appellant still received mail at Joseph's address.

Appellant did not recall when he moved from the trailer but said that it was before March 29, 1994.  He stated that he lived in his truck for a total of "about six months."  Appellant kept his possessions in his truck but continued to receive mail at the trailer.

Appellant was indicted for violating the provisions of Code § 18.2-308 which forbids any person not exempted by the statute from carrying about his person, hidden from common observation, (i) any pistol, revolver, or other weapon designed or intended to propel a missile of any kind but further provides that the provisions thereof shall not apply to any person while in his own place of abode.  Appellant argues that under the facts presented at his trial, his truck was his place of abode and, therefore, the Commonwealth did not prove that he violated Code § 18.2-308.

In support of his argument, appellant requested the trial court to instruct the jury as follows:

> If you believe that the defendant was in his own place of abode or the curtilage thereof, then you shall find him not guilty.
>
> Place of abode means one's home; habitation; place of dwelling; residence; or living place.

The trial court granted the instructions.  Upon consideration thereof, the jury rejected appellant's contention that his truck,

under these facts, was his place of abode.

On June 6, 1995, appellant filed a motion to correct a clerical error, alleging that he did not receive a copy of the April 18, 1995 order affirming his conviction and would "suffer great and irreparable harm" unless the court entered "a new order" allowing him time to note an appeal.  The trial court granted appellant's motion and, over the Commonwealth's objection, gave appellant thirty days to file a petition for appeal.

## Sufficiency of the Evidence

Assuming but not deciding that the trial court did have jurisdiction to enter the order extending appellant's time to note his appeal, we hold that the abode issue was fairly presented to the jury with clear instructions.  The jury weighed the evidence and determined that appellant was not in his place of abode or its curtilage when Sewell arrested him.  The evidence supports the jury's conclusion; thus, it will not be disturbed on appeal.  See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).  While appellant and his girlfriend testified that he "lived" in his truck, the evidence also revealed that appellant considered his address to be that of his girlfriend's trailer.  His mail was delivered to that address and he gave Sewell that address when arrested.  The fact that there was a court order prohibiting appellant from being in the trailer is evidence which appellant chose to keep from the jury, and the

- 4 -

mere presence of such order did not require the trial court to find that appellant's truck was his place of abode. The jury rejected appellant's argument, and we find that the evidence is sufficient to support the trial court's judgment that approved its verdict.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>