COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


ROBERT L. PARKER
                                MEMORANDUM OPINION[*] BY
v.          Record No. 2798-95-1       JUDGE RICHARD S. BRAY
                                    NOVEMBER 5, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                    E. Everett Bagnell, Judge

        Robert O'Neill, Public Defender, for appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.



    Robert L. Parker (defendant) was convicted in a bench trial

for possession by an inmate of unauthorized property "capable of

causing death or bodily injury" in violation of Code

§ 53.1-203(4) and, on appeal, challenges the sufficiency of the

evidence.  We affirm the conviction.

    Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting

without a jury, is entitled to the same weight as a jury verdict

and will be disturbed only if plainly wrong or without evidence

to support it.  Id.  The credibility of a witness, the weight

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

accorded the testimony, and the inferences to be drawn from proven facts are matters solely within the province of the fact finder.  Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the issue on appeal.

On May 4, 1995, defendant, then an inmate at Southampton Correctional Center, was assigned to cell 219, building C-2.  In accordance with routine "check-in" procedure, both Correctional Officer Parker and defendant conducted a search of the area, including a single window with bars and an exterior screen.  The inspection of the window confirmed that the bars were "secure," "the screen [was] not . . . broken," "the window panes [were] in," and the window was operational.

On May 30, 1995, Correctional Officer Daniel was performing maintenance on the screens of building C-2 and observed a "sharp pointed object," "resembl[ing] an ice pick," located between the screen and the window of cell 219.[1]  Officer Parker was unable to "recall . . . for sure" searching between the bars and the screen during his earlier inspection, but noted "that's common policy[] to look [between the window and the screening]."  Moreover, he testified unequivocally that he would have discovered the

---

[1]The weapon was "seven or eight inches long," with a blue "cloth handle . . . approximately three-eighths to a half-inch in diameter."

contraband had it been present on May 4, 1995.

Defendant argues that the evidence failed to establish that the weapon did not precede him into the cell.  We disagree.  As the trial judge noted, the earlier inspection by both the correctional officer and defendant was "not . . . cursory," and the weapon was not an object easily overlooked within the window space.  The evidence was, therefore, sufficient to support the conclusion that defendant had introduced it to the cell sometime after May 4, 1995, and constructively possessed the weapon at the time of discovery in violation of Code § 53.1-203(4).

Accordingly, we affirm the conviction.

Affirmed.