COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


WILLIAM "PIG" WOOTEN, S/K/A
 WILLIAM R. WOOTEN
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1740-95-1     JUDGE RICHARD S. BRAY
                                         APRIL 8, 1997
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Robert W. Curran, Judge

         G. Curtis Overman, Jr. (Overman, Cowardin &
         Martin, PLC, on brief), for appellant.

         Monica S. McElyea, Assistant Attorney General
         (James S. Gilmore, III, Attorney General, on
         brief), for appellee.


     William R. Wooten (defendant) was convicted in a bench trial

of two counts of distributing cocaine.  On appeal, he complains

that the trial court erroneously (1) denied his motion for

mistrial arising from contact between the prosecutor and a

sequestered witness, (2) admitted the hearsay testimony of a

police evidence custodian, and (3) found the evidence sufficient

to support the convictions.  We disagree and affirm the decisions

of the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## MOTION FOR MISTRIAL

The "purpose of excluding the witnesses from the courtroom is . . . to deprive a later witness of the opportunity of shaping his testimony to correspond to that of an earlier one." Huddleston v. Commonwealth, 191 Va. 400, 405, 61 S.E.2d 276, 279 (1950). "A trial court has discretion to decide whether a witness who violates an exclusion order should be prevented from testifying. Factors to be considered include whether prejudice will result to the defendant and whether the violation of the rule resulted from intentional impropriety." Jury v. Commonwealth, 10 Va. App. 718, 721, 395 S.E.2d 213, 215 (1990).

Here, the prosecuting attorney proffered that she admonished witness Barnwell that they were not permitted to discuss the case during the luncheon recess. Barnwell confirmed this exchange and further testified that he had remained alone in the Commonwealth Attorney's office and discussed nothing related to the trial with the prosecutor. This testimony was corroborated by the prosecutor's representations to the court.[1]

Despite defendant's characterization of the witness/prosecution contact as an "intentional impropriety," presumptively prejudicial to him, the trial court expressly found neither willful misconduct nor attendant prejudice to defendant.

---

[1]We acknowledge that the Virginia Code of Professional Responsibility, DR 9-101, instructs that an attorney should avoid "[e]ven the [a]ppearance of [i]mpropriety"; however, the issue before the Court relates only to the trial court's ruling on defendant's mistrial motion.

"On appeal the denial of a motion for a mistrial will not be overruled unless there exists a manifest probability that the denial of a mistrial was prejudicial."  Harward v. Commonwealth, 5 Va. App. 468, 478, 364 S.E.2d 511, 516 (1988).  Finding no evidence of actual prejudice to defendant attributable to the contact, we are unable to conclude that the trial court abused its discretion in refusing to grant a mistrial.

CHAIN OF CUSTODY EVIDENCE

Well established rules of evidence permit the admission of a "past recollection recorded . . . , over a hearsay objection, [of] a witness with no independent recollection of an incident . . . if certain requirements are met."  James v. Commonwealth, 8 Va. App. 98, 102, 379 S.E.2d 378, 380 (1989).  The witness may

> testify directly from notes or reports if
> . . . (1) the witness . . . had firsthand
> knowledge of the event; (2) the written
> statement . . . [is] an original memorandum
> made at or near the time of the event, when
> the witness had a clear and accurate memory
> of it; (3) the witness . . . lack[s] a
> present recollection of the event; and (4)
> the witness . . . vouch[es] for the accuracy
> of the written memorandum.

Id. at 102, 379 S.E.2d at 380-81 (citations omitted).

Here, Detective Miller testified that he had no independent recollection of his involvement as custodian of the offending drugs and was relying upon notes written by himself contemporaneously recording his actions, thereby implicitly vouching for the accuracy of such notes during trial.  Thus, Miller's evidence properly qualified as a past recollection

recorded exception to hearsay.

## SUFFICIENCY OF THE EVIDENCE

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  See id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The fact finder is not required to believe a witness' entire testimony, but may accept a part as creditable and reject the balance as implausible.  See Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

Evidence in support of defendant's conviction included Barnwell's testimony that Barnwell gave defendant money in exchange for drugs.  The trial judge "accept[ed] that [Barnwell] told . . . the truth about the transaction[s]" and concluded that Barnwell's "testimony taken as a whole, along with the corroboration of the testimony of [Officer Warren] is sufficient."  When such evidence is considered together with the evidence of Warren's supervision of the purchases by Barnwell and related testimony, the record provides ample support for the

convictions.

Accordingly, we affirm the judgments of the trial court.

<u>Affirmed.</u>