COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


FLOYD FRANKLIN BOOKER

                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1561-96-2        JUDGE SAM W. COLEMAN III
                                             APRIL 22, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                     Buford M. Parsons, Judge

          (Robert J. Wagner; Wagner & Wagner, on
          brief), for appellant.  Appellant submitting
          on brief.

          (James S. Gilmore, III, Attorney General;
          Monica S. McElyea, Assistant Attorney
          General, on brief), for appellee.  Appellee
          submitting on brief.



     The defendant, Floyd Franklin Booker, was convicted in a

bench trial of two counts of distributing cocaine.  On appeal, he

challenges the sufficiency of the evidence to prove the two

offenses of cocaine distribution.  Finding no error, we affirm

the convictions.

     Applying the established principles of appellate review, we

view the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom.  Martin v. Commonwealth, 4 Va. App. 438,

443, 358 S.E.2d 415, 418 (1987).  "The judgment of a trial court

sitting without a jury is entitled to the same weight as a jury

---

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Id.

Here, the dispositive questions are whether the evidence of the drug transaction proved two sales or only a single sale to two people and whether the certificate of analysis proved that only one of the two rocks of cocaine that had been purchased was analyzed.  The evidence proved that the defendant sold two rocks of cocaine to two police officers in separate transactions. While the defendant and two undercover police officers were in a van, the defendant gave a rock of cocaine to Officer Toney, who then passed it to Officer Maxwell.  The defendant then told the officers he had a second rock and offered it to them.  Officer Maxwell responded, "Well give us both one."  The record is unclear on whether the defendant gave the second rock to Officer Maxwell or Officer Toney.  However, both officers gave the defendant a twenty-dollar bill and they received two rocks of cocaine.  Thus, the evidence proves that two sales occurred.

The defendant contends that the certificate of analysis shows that only one quantity of material was received and tested because it described the tested matter as "solid material," therefore, the evidence was insufficient to prove that more than one sale of rock cocaine occurred.  The fact that the certificate of analysis states that the lab received and tested "solid material," does not prove that the quantity of items received was

one; "solid material" refers only to the nature of the material. Officer Walker testified that he received two rocks of cocaine from Officer McCune, an officer who had been hiding in the back of the van, and that he took both rocks of cocaine to the lab for analysis. The trial court found that both rocks had been received and tested.

Based on the foregoing facts, the evidence is sufficient to support the trial court's finding that two distributions of cocaine occurred. Accordingly, we affirm the defendant's convictions.

<u>Affirmed</u>.