## Norfolk

MICHAEL EUGENE MARTIN

v.

COMMONWEALTH OF VIRGINIA

No. 0801-86

Decided July 21, 1987

COUNSEL

Gregory M. Pomije, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.** — Michael Eugene Martin (appellant) appeals a judgment of the Circuit Court of the City of Chesapeake (trial court) convicting him of violating Code § 18.2-67.1 (forcible sodomy). Appellant raises two issues on appeal: (1) whether the trial court erred in admitting an extrajudicial statement by the victim under the excited utterance exception to the hearsay rule; and (2) whether the evidence was sufficient to sustain the conviction.

The evidence disclosed that on June 15, 1985, Michael H., age 13, baby-sat his sister's children, C, a 23 month old girl, and her 3 year old brother. Appellant came to the house at 9:00 p.m. looking for a friend of the children's mother. The friend was not there, so appellant asked Michael if he could wait until she and the children's mother returned. While appellant waited in the living room, Michael took the children to the bathroom and put them in the tub for a bath. He then returned to the living room. When appellant said he needed to use the bathroom, Michael told him he could use the "back bathroom." Appellant, though, went into the bathroom with the children and closed the door. Shortly thereafter, Michael heard C scream for approximately eight to thirteen seconds. He went to the closed bathroom door and asked appellant what was wrong. Appellant replied that C slipped in the tub. After appellant exited the bathroom, Michael entered and noticed that C's eyes were watery and tears were running down her cheeks. He asked her what was wrong and she replied, "That boy put his pee-pee on me." C's mother testified that C used the word "pee-pee" to refer to penis. C's statement was testified to by Michael and admitted over appellant's objection.

Medical evidence revealed that C suffered superficial lacerations and large bruising around the rectum. Her rectal sphincter muscle was severely ruptured. The physician who treated her testified that the injuries were caused by a force applied against the sphincter muscle which penetrated the muscle. According to the doctor the injuries were consistent with the insertion of an erect penis.

The testimony taken in the light most favorable to the Commonwealth indicates that Michael entered the bathroom approximately fifteen seconds after C screamed. Some evidence however, suggests that the time between the scream and Michael's entry may have been as long as five minutes. In any event, we are dealing with a time period of between fifteen seconds and five minutes, a difference that under the circumstances of this case does not affect our decision on the admissibility of C's statement.

## I. HEARSAY OBJECTION

■ Appellant argues that the trial court erred in finding that C's statement was admissible under the spontaneous or excited ut-

terance exception to the hearsay rule. The rule in Virginia is that "[e]xcited utterances prompted by a startling event, and not the product of premeditation, reflection, or design, are admissible, but the declaration must be made at such time and under such circumstances as to preclude the presumption that it was made as the result of deliberation." *Clark v. Commonwealth,* 3 Va. App. 474, 480, 351 S.E.2d 42, 45 (1986) (quoting *Goins v. Commonwealth,* 218 Va. 285, 287, 237 S.E.2d 136, 138 (1977)). The rationale for this exception to the hearsay rule is grounded in the belief that the stress or excitement produced by a startling event may suspend one's powers of deliberation and fabrication, thus ensuring the trustworthiness of declarations prompted by the startling event. *See* VI J. Wigmore, *Evidence* § 1747 (rev. 1976); E. Cleary, McCormick on Evidence, § 297 (3d ed. 1984).

The circumstances surrounding the declaration govern:

Although not controlling, the lapse of time between the "startling event" and a declaration offered in evidence is relevant to a determination whether the declaration was spontaneous and instinctive, or premeditated and deliberative. It is also relevant to consider whether the declarant made an exclamation impulsively on his own initiative, or a statement in response to a question. And a further factor in the trustworthiness equation is whether the statement was an admission against interest or a self-serving declaration.

*Doe v. Thomas,* 227 Va. 466, 471-72, 318 S.E.2d 382, 385 (1984) (citations omitted). It is said that "[t]he ultimate test is whether it appears that the facts [were] talking through the party or. . . . the party [was] talking about the facts." *Id.* (quoting *Upton v. Commonwealth,* 172 Va. 654, 659, 2 S.E.2d 337, 339 (1939)). This often quoted phrase may capture the spirit of the exception but is not particularly helpful to the resolution of specific cases since the issue always involves the admission of a party's statement about what happened. Facts do not speak statements admissible in court, only people do, and they may speak truthfully for a variety of reasons. The issue is whether a person's statement about the facts is the product of a startling event such that it excludes the possibility that it is a fabrication. *McCann v. Commonwealth,* 174 Va. 429, 439-40, 4 S.E.2d 768, 771-72 (1939); *Clark,* 3 Va. App. at 481, 351 S.E.2d at 45.

In this case, shortly after appellant entered the bathroom, C screamed for eight to thirteen seconds. The evidence strongly suggests that Michael entered the bathroom fifteen seconds later, and in any event no more than five minutes later. C's face was red, her eyes watery and tears were running down her cheeks. It is clear that she was affected by a startling event. A medical examination revealed that she had suffered a painful injury to her rectum. The brief lapse of time between the startling event and her declaration, "That boy put his pee-pee on me," indicates the statement's spontaneity and a lack of deliberation.

Moreover, particularly in the case of statements made by young children, the element of trustworthiness underscoring the spontaneous and excited utterance exception finds its source primarily in the child's lack of capacity to fabricate rather than the lack of time to fabricate. As long ago as 1939, the Supreme Court, in *McCann*, recognized the special reliability of a statement made by a child "a very few minutes" after an attempted rape, noting that the eight year old child "could not possibly have fabricated such a story." 174 Va. at 439, 4 S.E.2d at 771. Similarly, the reliability of C's declaration is bolstered by her lack of capacity, at age 23 months, to fabricate the statement.

The fact that C's statement came in response to Michael asking her, "What happened?", does not in itself take it out of the exception. "The natural reaction of any person arriving to aid one exposed to a startling event is to inquire, 'What happened?' To pivot the admissibility of a subsequent statement, however spontaneous, on the question of whether it was prompted by an equally spontaneous inquiry would serve no useful purpose." *People v. Edwards*, 47 N.Y.2d 493, 498-99, 419 N.Y.S.2d 45, 48, 392 N.E.2d 1229, 1232 (1979). If the question or questioner suggested or influenced the response, then the declaration may lack the necessary reliability to be admitted. Michael's inquiry did not suggest the content of C's response or corrupt its reliability.

As the Supreme Court said in *McCann*, "under the circumstances disclosed by the record, it is hardly reasonable to suppose that [the declaration] could have been fabricated, as both the time and capacity for reflection were wanting." 174 Va. at 440, 4 S.E.2d at 772 (quoting *Kirby v. Commonwealth*, 77 Va. 681, 689 (1883)). The trial court therefore correctly applied the excited utterance exception to the hearsay rule to allow Michael to testify

as to C's statement.

## II. *SUFFICIENCY OF THE EVIDENCE*

■ Appellant argues that the evidence fails to prove beyond a reasonable doubt that he penetrated the victim's anus with his penis. On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it. Code § 8.01-680; *Evans v. Commonwealth*, 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975); *Sutphin v. Commonwealth*, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

■ To sustain a sodomy conviction, evidence of penetration is required. *Ryan v. Commonwealth*, 219 Va. 439, 444, 247 S.E.2d 698, 702 (1978); *Chrisman v. Commonwealth*, 3 Va. App. 371, 377, 349 S.E.2d 899, 903 (1986). The element of penetration may be shown by circumstantial as well as direct evidence. *Rowland v. Commonwealth*, 147 Va. 636, 639, 136 S.E. 564, 565 (1927); *Chrisman*, 3 Va. App. at 377, 349 S.E.2d at 903.

According to the medical evidence, C suffered injuries as a result of force applied to the sphincter muscle which penetrated the muscle. The examining physician, who has treated many victims of sex crimes, testified that the injuries could only have been caused by penetration of the sphincter muscle and were consistent with the insertion of an erect penis. While the medical evidence was not inconsistent with penetration by other objects, when considered in conjunction with C's statement indicating that appellant used his penis, the evidence was sufficient to permit the trial court to conclude that appellant penetrated C's anus with his penis. *See Rowland*, 147 Va. at 639, 136 S.E.2d at 565; *Ryan*, 219 Va. at 444-45, 247 S.E.2d at 702; *Kehinde v. Commonwealth*, 1 Va. App. 342, 348, 338 S.E.2d 356, 359 (1986).

Finally, the case of *Strawderman v. Commonwealth*, 200 Va. 855, 108 S.E.2d 376 (1959), cited by appellant is distinguishable. There, the physician's testimony exceeded his knowledge when he stated conclusively that the injuries were caused by a penis rather than merely consistent with penile penetration. Such testimony

was "pure speculation and guess." 200 Va. at 869, 108 S.E.2d at 380. Moreover, there was no other evidence in *Strawderman*, such as a statement of the victim, that appellant used his penis in the assault.

Accordingly, the judgment of the trial court is

*Affirmed.*

Coleman, J., and Hodges, J., concurred.