COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia

OSCAR FOSTER

v.    Record No. 2571-94-1              MEMORANDUM OPINION[*]
                                    BY JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA                 NOVEMBER 28, 1995


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Edward W. Hanson, Jr., Judge

            Larry W. Shelton (Goldblatt, Lipkin & Cohen, P.C.
            on brief), for appellant.

            Eugene Murphy, Assistant Attorney General (James S.
            Gilmore, III, Attorney General, on brief), for
            appellee.


    Oscar Foster was convicted of possession of heroin in
violation of Code § 18.2-250, and possession of cocaine with
intent to distribute in violation of Code § 18.2-248.  On appeal,
he contends that the evidence was insufficient to prove beyond a
reasonable doubt that he committed these offenses.  We disagree
and affirm.

                                I.

    On the evening of October 27, 1993, Officer Spiess stopped a
vehicle driven by appellant.  Appellant consented to a search of
his person.  Spiess testified appellant "was wearing very loose
clothing in numerous layers.  It was hard to get a real good
search . . . ."  Detective Tosloskie, who assisted Spiess, stated
appellant wore "two or three layers of clothes . . . a full

_____

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

winter jacket, sweat suit top, a shirt, and I think two pairs of pants . . . ."

Spiess found no drugs during the search, but recovered "several bundles of twenty dollar bills that [were] about the size of a cigarette package." The money was bundled in packets of $100 each and totalled about $4,000. Tosloskie also recovered $969 from two or three wallets carried by appellant. Spiess found several "brand new," unused crack pipes in the car, and, under the driver's seat of the car, Spiess found a metal pipe filled with rubber.

A narcotics search dog searched appellant's vehicle, but not appellant's person. The dog did not alert to narcotics in the car. Appellant was then arrested for possession of a concealed weapon (the metal pipe).

Spiess transported appellant to the jail in the back seat of Spiess' police vehicle at about 10:30 p.m. Appellant's hands were handcuffed behind his back while he was in the car. However, Spiess testified he saw appellant move around "quite a bit" while he rode in Spiess' car. After leaving appellant at the jail, Spiess searched his vehicle and recovered a cigarette package from the floorboard of the back seat area of the car. This package held smaller packages which contained a total of about five grams of cocaine, and a small amount of heroin. Tosloskie estimated the value of the recovered drugs was about $1,100 to $1,200. The smaller "envelopes" containing the drugs

2

had numbers written on them which Tosloskie stated represented the weights of the packages. Tosloskie also testified that the packaging of the drugs was consistent with drug distribution. The cigarette package carried a fingerprint which did not match appellant's fingerprints.

Spiess testified that it is common practice for him to search his car at the beginning of each shift. He looks underneath the seats and removes trash from the car. He takes the back seat completely out of the car and looks under insulation that could be loose. Spiess conducted such a search of his car at 3:00 p.m. on the day he transported appellant. Spiess also searched the car immediately before he transported appellant. Spiess found nothing in the car during these searches.

Spiess transported no one in his car on October 27, 1993, prior to transporting appellant. Spiess testified his car remains locked when he is not in it, and he is the only person with keys to the car.

## II.

[I]n a criminal prosecution, based entirely on circumstantial evidence, "a suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a criminal conviction." Nevertheless, circumstantial evidence may be more compelling and persuasive than direct evidence, and when convincing, it is entitled to as much weight as direct evidence. Whether the Commonwealth relies upon either direct or circumstantial evidence, it is not required to disprove every remote possibility of innocence, but is, instead, required only

3

> to establish guilt of the accused to the exclusion of a reasonable doubt.

Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986) (citations omitted).

Appellant argues that the circumstantial evidence did not prove beyond a reasonable doubt that the cigarette package was possessed by appellant. Appellant contends that the following evidence supports a reasonable hypothesis of innocence: (1) the fingerprint on the cigarette package did not match appellant's fingerprints; (2) the narcotics dog was taken through appellant's car, against which appellant was standing, and did not alert to narcotics; (3) appellant's hands were handcuffed behind appellant's back while he was in Spiess' car; (4) appellant was searched prior to riding in Spiess' car and no drugs were found on appellant's person; and (5) the $4,000 in cash was provided to appellant by his son and his estranged wife for the purchase of a car.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Spiess' car was thoroughly searched twice on October 27, 1993, at the beginning of Spiess' shift, and immediately prior to placing appellant into the car. No drugs were found in the car during either search. No one, other than appellant, was transported in the car on the day appellant was arrested. In addition, the evidence showed

4

that the narcotics dog searched only appellant's vehicle and did not search appellant's person. Moreover, appellant wore "numerous layers" of clothing, making a thorough and complete search of appellant difficult, if not impossible. It is not unreasonable to infer that the search under these conditions would not have disclosed the cigarette package. See Glover v. Commonwealth, 3 Va. App. 152, 160, 348 S.E.2d 434, 440 (1986), aff'd, 236 Va. 1, 372 S.E.2d 134 (1988).

Furthermore, Spiess testified that appellant moved around "quite a bit" while he rode in Spiess' car. Thus, there was sufficient evidence from which the jury could find appellant disposed of the cigarette package in Spiess' vehicle despite the fact that he was handcuffed while in the police car. See id. at 160–61, 348 S.E.2d at 440.

The presence of another person's fingerprint on the cigarette package was evidence for the jury to consider. However, the weight to be given this evidence was for the jury to decide. See Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993). Even with the fingerprint evidence, abundant circumstantial evidence existed from which the jury validly could have inferred that appellant possessed the cigarette package containing the drugs.

III.

"In proving intent, various types of circumstantial evidence may be appropriate -- evidence concerning the quantity of drugs

5

and cash possessed, the method of packaging, and whether appellant himself used drugs." Poindexter v. Commonwealth, 16 Va. App. 730, 734-35, 432 S.E.2d 527, 530 (1993). Viewed in the light most favorable to the Commonwealth, the evidence showed that appellant was carrying individual packets of cocaine totalling almost five grams. Tosloskie testified that the method of packaging of the cocaine was inconsistent with personal use and that the drugs were valued at about $1,100 to $1,200. Tosloskie further stated that had appellant purchased the drugs packaged in this fashion, he would have paid "quite a bit more" than if he purchased a large "chunk." Furthermore, no evidence introduced at trial indicated that appellant was a cocaine user, and several unused crack pipes were recovered from appellant's car.

Appellant also possessed $4,000 in cash formed into bundles, and over $900 in cash kept in two or three wallets. Although appellant's son and his estranged wife testified that appellant had the $4,000 in order to purchase a car, the "[t]he weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman, 3 Va. App. at 528, 351 S.E.2d at 601. The jury did not believe the testimony of appellant's son and his estranged wife concerning the presence of the cash.

Based on this evidence, we cannot conclude that the jury erred in finding that appellant intended to distribute the

6

cocaine.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed</u>.
