COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


GARY DEAN STEVENS

v.          Record No. 2300-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                       DECEMBER 19, 1995


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
John D. Gray, Judge

Stephen K. Smith for appellant.

Margaret Ann B. Walker, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Following a bench trial on October 20, 1993, the appellant, Gary Dean Stevens ("Stevens"), was convicted of knowingly possessing a motor vehicle from which the vehicle identification number ("VIN") had been removed. On appeal, Stevens argues that the evidence was insufficient to support his conviction. Finding no error, we affirm.

On April 8, 1993, Hampton Police Officer Susan Canny stopped Stevens for driving with an expired City of Poquoson sticker. Stevens indicated to Canny that he did not have his license (which had been suspended), that he had no registration, and that he had obtained the car's license tags from an abandoned car. Canny arrested Stevens for driving on a suspended license and improperly using state license tags.

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Canny testified that, upon inspecting the car, she noticed a hole in the dash where the VIN tag belonged. After reading Stevens Miranda rights, Canny asked him about the VIN. Stevens admitted that he had removed the VIN because it was loose, stating that he had the VIN tag somewhere in the car or at his home. After searching the car, Canny found only a paper VIN taped to the door. Canny ran a check on the paper VIN and found that the car was registered to Gerald Allen Thomas of Poquoson. Stevens testified that he had purchased the car from Gerald Thomas who was his sister's fiance. Thomas was not present at trial.

At trial, Stevens denied telling Canny that he had removed the VIN and claimed that the VIN was attached to the dash at the time of his arrest. Stevens' sister testified that she had noticed the VIN attached to the car the next day upon retrieving the car from impoundment.

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in a light most favorable to the Commonwealth. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, this Court does not substitute its own judgment for that of the trier of fact. Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). Instead, the trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. Code § 8.01-680; Josephs v.

- 2 -

Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Code § 46.2-1075 makes it unlawful for any person to knowingly possess a motor vehicle, "the motor number, serial number, or identification number of which has been removed, changed, or altered."  Code § 46.2-1072 requires that the VIN be "stamped, cut, embossed, or attached in such a manner that it cannot be changed, altered, or removed without plainly showing evidence which would be readily detectable . . . . The number shall be die stamped, cut, or embossed into or attached to a permanent part of the vehicle which is easily accessible for verification."  The Court must construe these two closely interrelated sections together.  See Virginia Real Estate Board v. Clay, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989); ABC Trucking, Inc. v. Griffin, 5 Va. App. 542, 547-48, 365 S.E.2d 334, 337-38 (1988).  Doing so, Stevens' contention, that the paper VIN attached to the car's door precludes his conviction, must fail.  The piece of paper taped to the door simply does not comply with the statutory requirement.

Stevens' admission to Canny that he had removed the VIN from the dashboard is evidence that he had the requisite knowledge. Although Stevens subsequently denied admitting to Canny that he had removed the VIN from the vehicle, the trier of fact was free to reject his testimony.  See Rollston v. Commonwealth 11 Va.

App. 535, 547, 399 S.E.2d 823, 830 (1991) (trier of fact "is not required to accept in toto, an accused's statement, but may rely upon it in whole, in part, or reject it completely").  Here, Canny's testimony is corroborated by the fact that Canny could not find the metal plate containing the VIN anywhere in the vehicle or on the motor block.

Accordingly, the conviction is affirmed.

Affirmed.