COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Bray
Argued at Richmond, Virginia


CALVIN BOWE

v.          Record No. 2285-94-3          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                       MARCH 5, 1996

          FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                William N. Alexander, II, Judge

          J. Patterson Rogers, 3rd, for appellant.

          Leah A. Darron, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Calvin Bowe (defendant) was convicted by a jury for unlawful
wounding.  On appeal, defendant complains that the trial court
erroneously permitted his wife to testify, despite his assertion
of spousal privilege pursuant to Code § 19.2-271.2.  Finding no
error, we affirm the judgment of the trial court.

     The parties are fully conversant with the record, and we
recite only those facts necessary to a disposition of this
appeal.  Under familiar principles of appellate review, the
evidence is viewed in the light most favorable to the
Commonwealth, granting to it all reasonable inferences fairly
deducible therefrom.  Martin v. Commonwealth, 4 Va. App. 438,
443, 358 S.E.2d 415, 418 (1987).  Defendant and his wife, Rosa
Lee Bowe (wife), resided with wife's parents.  On July 24, 1994,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the couple quarreled, and defendant began assaulting wife with both his fists and feet. Wife "backed up" and "laid down on [a] sofa" in the bedroom, covering her face with her arms. Wife's father, Albert Whitfield, was in the kitchen, "peeling a tomato" with a "butcher knife," when he heard wife tell defendant "to get off . . . of [her]." Whitfield, "with [the] knife in [his] hand," entered the bedroom and observed defendant "holding [wife] down, beating on her," "banging her eye." When Whitfield directed defendant to "leave [wife] alone," defendant "snatched the knife" from Whitfield's hand, and "twist[ed] [his] arm." As Whitfield "turned . . . to leave," defendant "hit" and "cut" him with the knife.

Defendant was arrested on July 26, 1994 for the malicious wounding of Whitfield, the subject offense, and the assault and battery on wife. In the Juvenile and Domestic Relations District Court, wife testified against defendant both in the trial of the misdemeanor and the preliminary hearing on the felony. Defendant was convicted of assault, and the felony was certified to the grand jury. Defendant's subsequent objection to wife's testimony during trial of the instant offense, based upon the spousal privilege, was overruled by the court.

"Husband[s] and wi[ves] shall be competent witnesses to testify for or against each other in criminal cases, except as otherwise provided." Code § 19.2-271.1. Code § 19.2-271.2 provides, in pertinent part, that "neither [husband nor wife]

shall be compelled, nor, without the consent of the other, allowed, to be called as a witness against the other, except (i) in the case of a prosecution for an offense committed by one against the other . . . ."  Thus, "competency is the general rule and disqualification is the exception," Brown v. Commonwealth, 223 Va. 601, 606, 292 S.E.2d 319, 322 (1982), and Code § 19.2-271.2 "must be strictly construed against the existence of the privilege."  Bennett v. Commonwealth, 236 Va. 448, 456, 374 S.E.2d 303, 309 (1988), cert. denied, 490 U.S. 1028 (1989).

In Brown, we held that "where one spouse is indicted for an offense against the other and an offense against a third party, and both offenses arose from a common criminal enterprise, the witness-spouse can testify against the defendant-spouse in the prosecution of both charges."  Brown, 223 Va. at 608, 292 S.E.2d at 323 (emphasis added).  Further, "[w]here one spouse has testified in a criminal prosecution against the other, whatever marital harmony once existed has been dissipated, and the spousal privilege no longer serves a useful purpose."  Id.

Here, defendant was violently assaulting wife when her father, the victim of the instant offense, came to her aid. Ignoring Whitfield's command to stop, defendant continued "beating" and "banging" wife, and "grabbed" the knife from Whitfield's hand, wounding Whitfield with it as he retreated. Under such circumstances, defendant's assault on Whitfield clearly attended defendant's attack on wife and, therefore,

"arose from a common criminal enterprise."  <u>See</u> <u>id.</u>

Accordingly, wife's testimony was properly admitted into evidence.

Affirmed.
