COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


LINDA STARKES
                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1458-96-2    JUDGE JOHANNA L. FITZPATRICK
                                          APRIL 1, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Walter W. Stout, III, Judge

        Matthew T. Paulk, Assistant Public Defender
        (David J. Johnson, Public Defender, on
        brief), for appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Linda Starkes (appellant) was convicted in a bench trial of

attempting to cause bodily injury to a police officer in

violation of Code § 18.2-51.1.  The sole issue raised on appeal

is whether the evidence was sufficient to prove an intent to

maim, disfigure, disable or kill Officer Crafton.  For the

reasons that follow, we affirm.

     Officer Wilfred Crafton (Crafton) responded to a domestic

disturbance at the home of appellant's sister, who informed him

that she wanted appellant removed from the premises.  Crafton

observed appellant, who appeared to be intoxicated, and advised

her that she would have to leave or be arrested for trespassing.

 Appellant told Crafton that she wanted to show him something

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

first and took him into the kitchen.  She showed him a piece of a copper scouring pad of a type commonly used by people who smoke crack and said, "[T]his is what they're doing."  Crafton advised appellant that the pad proved nothing because it appeared to be new.  Appellant became angry and slammed a pan down on the table.  Crafton told her that he was placing her under arrest and turned to leave the kitchen.  When appellant screamed, "[T]he police ain't taking me anywhere," Crafton turned to see her lunging toward him with a butter knife.  Crafton jumped out of the way, and appellant swung the knife at him again.  She missed the officer but struck an elderly man who was seated nearby, and "blood just spurted out" from his wound.  Appellant screamed obscenities at Crafton, who maced her.  She then dropped the knife.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  To sustain appellant's conviction for attempted unlawful wounding of a police officer, the Commonwealth must prove that appellant attempted to cause bodily injury to the officer with the "intent to maim, disfigure, disable or kill," knowing the officer was engaged in the performance of his official duties.  See Code § 18.2-51.1.

Appellant argues that she only intended to keep the officer

2

at bay rather than an intent to injure him.  However, appellant followed Crafton into the bedroom, attempted to stab him with the knife and missed, and struck a third person who was injured. Under these circumstances, the trial court, as fact finder, could reasonably conclude that appellant acted with the intent to maim, disfigure, disable or kill Crafton.  Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty of the attempted unlawful wounding of a police officer.

For the foregoing reasons, we affirm the conviction.

<u>Affirmed.</u>