COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Norfolk, Virginia


JULIE HARRIS, S/K/A
 JULIE JOY HARRIS

                                    MEMORANDUM OPINION* BY
v.  Record No. 1201-96-1            JUDGE WILLIAM H. HODGES
                                         JUNE 17, 1997
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Wilford Taylor, Jr., Judge

             Charles E. Haden for appellant.

             Leah A. Darron, Assistant Attorney General
             (James S. Gilmore, III, Attorney General, on
             brief), for appellee.


     Julie Harris appeals the decision of the circuit court

finding her guilty of one count of felony child neglect in

violation of Code § 18.2-371.1(A).  Harris contends that there

was insufficient evidence to prove that she willfully permitted

injury to her child.  We affirm the decision of the trial court.

     Code § 18.2-371.1(A) provides:
             Any parent, guardian, or other person
             responsible for the care of a child under the
             age of eighteen who by willful act or
             omission or refusal to provide any necessary
             care for the child's health causes or permits
             serious injury to the life or health of such
             child shall be guilty of a Class 4 felony.
             For purposes of this subsection, "serious
             injury" shall include but not be limited to
             (i) disfigurement, (ii) a fracture, (iii) a
             severe burn or laceration, (iv) mutilation,
             (v) maiming, (vi) forced ingestion of
             dangerous substances, or (vii)

─────────────────────
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

life-threatening internal injuries.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). So viewed, the evidence established that, beginning January 12, 1995, appellant was aware that Tyler was suffering from a series of injuries while in her husband's care. From January 12, 1995 until appellant took the child to the emergency room on February 20, 1995, appellant's son suffered bruises, tender limbs, and swollen lips. X-rays indicated that the three-month-old child had incurred five "chip fractures or avulsion fractures" of his arms and legs, "caused by rotational wrenching type of injury about the joint." The extent of healing of the injuries indicated that some had occurred several weeks earlier while others occurred within hours or days.

Mary Hinkle provided day care for appellant's son three or four hours a day, five days a week. Hinkle testified that on January 12, 1995, appellant and her husband pointed out a bruise on Tyler's head which appellant explained was caused when Tyler rolled off a waterbed while in her husband's care. Towards the end of January, Hinkle noticed that the child was not using his right arm. In mid-February, he screamed when she tried to straighten his left leg. During that same period in mid-February, the child arrived at day care with a swollen lip.

2

Appellant told Hinkle that her husband did not want her to take the child to the emergency room because he was afraid he would be put in jail.

While appellant contends that the evidence was insufficient to prove her guilt beyond a reasonable doubt, we find that the evidence demonstrated that she knew her son was at risk but, by "omission or refusal" to act, allowed the abuse to continue for a period of weeks. Inaction when action was necessary to protect the health and well-being of her child was culpable and was precisely the type of behavior the section was designed to criminalize. It was appellant's duty to protect her son from abuse which the evidence showed she knew was taking place.

Therefore, there was sufficient credible, competent evidence to prove beyond a reasonable doubt that, by her willful omission, appellant permitted her child to suffer serious injuries, in violation of Code § 18.2-371.1(A).

For the reasons stated, we affirm the decision of the trial court.

Affirmed.