COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia


JERRY LYNN GIBSON
                                     MEMORANDUM OPINION[*] BY
v.   Record No. 2783-96-3            JUDGE JOSEPH E. BAKER
                                        DECEMBER 16, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                   William N. Alexander, II, Judge

            Robert Bryan Haskins (Turner, Haskins &
            Whitfield, on brief), for appellant.

            Ruth Ann Morken, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.


     Jerry Lynn Gibson (appellant) appeals from his bench trial

conviction by the Pittsylvania County Circuit Court (trial court)

for unlawful wounding in violation of Code § 18.2-51.[1]  He

contends that the evidence was insufficient to prove he acted

with intent to maim, disfigure, disable or kill Aylor C. Newby

(the victim).  We disagree and affirm the judgment of the trial

court.

     As the parties are conversant with the record, we recite

only the facts necessary to an understanding of this opinion.

Upon familiar principles, we state the evidence in the light most

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

        [1]Appellant was tried for malicious wounding, but the court
found him guilty of the lesser-included offense of unlawful
wounding.

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

About 11:00 p.m. on November 28, 1995, the victim was asleep on the couch in his mobile home.  When the victim answered a knock at the door, appellant "hit [him] up side of the head and said, come on, you want a piece of me you can get it now."  They started fighting.  The victim testified that he was "swinging too," because he "thought [he] had the right to defend [himself]."  The noise of the confrontation awoke the victim's wife (Wendy).  As she looked out the front door, she saw the victim being struck by appellant and observed two more men walking toward the victim.  She yelled to the victim to watch out for the approaching men.  A third man, carrying a steel pipe, approached from behind a trailer.[2]  When the victim looked up, appellant struck him in the mouth with such force that it knocked out a tooth, which became embedded in his lip.[3]  Almost simultaneously, the man with the steel pipe struck the victim across the back with it, knocking the victim "paralyzed" to the concrete.  When Wendy threatened to call the police, appellant and the three men ran off together, laughing and yelling, "I got you, I got you."

_____

[2]These three men had their heads covered.

[3]Two other teeth had to be removed because they were "messed up," and a third fell out on its own.

The victim initially was unable to get up but was eventually able to move with the help of his wife, who drove him to the hospital.[4] Wendy observed a welt "all the way down . . . his back," a missing tooth, a tooth "sitting up into his lip," and numerous bruises and cuts. The victim eventually lost four teeth as a result of the beating and had a sore back for three days.

Viewing the evidence in the light most favorable to the Commonwealth, as we must, the evidence discloses that appellant was the aggressor and was accompanied by three other men, one of whom struck the victim in the back with a steel pipe, raising a large welt and bruise thereon. Moreover, the pipe blow was so severe that it caused the victim to fall and be temporarily "paralyzed." In addition, as the victim was distracted by the approaching men, appellant struck the victim in the face with such force as to cause one tooth to become dislodged and embedded in the victim's lip, and resulting in the eventual loss of a total of four teeth.

Appellant argues that to support an unlawful wounding conviction, the evidence must show he intended to maim, disfigure, disable or kill the victim, and he contends that the evidence fails to meet that requirement.

The finder of fact may infer that a person intends the natural and probable consequences of his acts. See Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991)

_____

[4]X-rays of the victim's back proved negative for fractures.

(en banc). Here, the evidence is sufficient not only to show that appellant's attack was unlawful within the context of Code § 18.2-51, but also to permit the reasonable inference that appellant and three other men went with covered heads to the victim's house late at night with the intent to inflict bodily harm on the victim, and relished in their success as they departed, laughingly yelling that their purpose had been attained and gloating that they had "got [him]." Because appellant acted in concert with the man who wielded the pipe, in addition to delivering forceful blows by his own fist, appellant is liable for that action. See, e.g., Pugliese v. Commonwealth, 16 Va. App. 82, 93, 428 S.E.2d 16, 24 (1993).

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.