COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Bumgardner
Argued at Richmond, Virginia


GARY W. WRIGHT, S/K/A
 GARY WALTER WRIGHT
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0672-97-3    JUDGE SAM W. COLEMAN III
                                        FEBRUARY 24, 1998
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                        Thomas H. Wood, Judge

           Robert T. Garnett, Assistant Public Defender,
           for appellant.

           Linwood T. Wells, Jr., Assistant Attorney
           General (Richard Cullen, Attorney General, on
           brief), for appellee.


     Gary W. Wright was convicted in a bench trial for breaking

and entering a dwelling with the intent to commit larceny therein

in violation of Code § 18.2-91.  The sole issue on appeal is

whether the evidence is sufficient to identify Wright as the

person who broke into and entered the dwelling.  Finding the

evidence sufficient, we affirm the conviction.

     When the sufficiency of the evidence is challenged on

appeal, we review the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom.  Martin v. Commonwealth, 4 Va. App. 438,

443, 358 S.E.2d 415, 418 (1987).

     Viewed accordingly, the evidence proved that David Walker

─────────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

vacated his house after it was damaged by flood waters. Late one afternoon, he returned to inspect the house. Walker testified that he looked through a window and saw Gary W. Wright walking around the inside of the house. A few minutes later, he saw Wright and another man walking between his house and a vacant house next door. Walker inspected his house and found that the back door which he had secured with boards had been forcibly opened. Walker entered the house and determined that a sewing machine was missing. He also noticed that a step ladder and a can of construction material had been placed under a ceiling fan in the living room. Walker testified that he had known Wright for twenty years and that he was certain that Wright was the man he had seen walking through the house.

Appellant contends that Walker was mistaken in identifying Wright as the person inside the house because he only saw the intruder for "a couple of seconds" and his ability to see into the house would have been impaired by the bright afternoon sunlight. However, the trial court, sitting as the finder of fact, believed Walker's testimony. "The trial judge's determination of the credibility of witnesses and the weight to be given to their testimony are questions exclusively within the province of the [trier of fact]." Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989) (alteration in original) (citation omitted). The Commonwealth's evidence was competent, was not inherently incredible, and is sufficient to

support beyond a reasonable doubt the trial court's conclusion that Wright was guilty of breaking and entering Walker's house with the intent to commit a larceny therein.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>