COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Overton and Senior Judge Baker
Argued at Norfolk, Virginia


ALVIN RUDOLF FIELDS, A/K/A
 ALVIN RUDOLF WARD
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2904-97-1     JUDGE JOSEPH E. BAKER
                                       DECEMBER 15, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF YORK COUNTY
                 Prentis Smiley, Jr., Judge

        G. Curtis Overman, Jr. (Overman, Cowardin &
        Martin, PLC, on brief), for appellant.

        Richard B. Campbell, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


        Alvin Rudolf Fields, also known as Alvin Rudolf Ward,

(appellant) appeals from his bench trial conviction by the

Circuit Court of York County (trial court) for felonious

third-offense petit larceny in violation of Code §§ 18.2-96(2)

and 18.2-104.

        Appellant contends that the trial court erred when it

admitted into evidence three conviction orders offered by the

Commonwealth to prove that appellant had been convicted of petit

larceny three times previously.  He argues that the orders did

not identify him as the person named therein and, therefore, that

the evidence was insufficient to convict him of felonious petit

larceny.  We disagree and affirm the conviction.

────────────────────────

[*]Pursuant to Code § 17.1-143, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it. See id.

Over appellant's objection, the trial court admitted into evidence three petit larceny conviction orders containing the following information:

> #91-02013 (entered July 22, 1991), accused--Alvin Rudolph Ward a/k/a Alvin Rudolf Field,[1] SSN 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, description of accused--black male, d.o.b. 11/30/45, 5'9" tall, weight 160 lbs, accused's address--539 31st Street, Newport News;

> #91-05407 (entered July 22, 1991), accused--Alvin R. Ward a/k/a Larry Clark, SSN 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, description of accused--black male, d.o.b. 7/2/49, accused's address--57 Bayhaven Drive, Hampton; and

> #92-000092 (entered May 11, 1992), accused--Alvin R. Fields, (no social security number provided), description of accused--black male, 5'11" tall, weight 220 lbs, d.o.b. 11/30/45, accused's address--539 31st Street, Newport News.

The record discloses that appellant alternately has used variations of the names Alvin Ward and Alvin Fields. Appellant identified himself to the trial court as Alvin Rudolph [sic]

---

[1]On the Request for Appointment of a Lawyer form associated with this charge, the accused is identified as Alvin Fields.

Fields. The indictment in the present case charged "Alvin Rudolf Fields a\k\a Alvin Rudolf Ward" with felonious petit larceny, and appellant testified that he was the person charged in the indictment. Appellant signed the name Alvin Ward to the forms he executed requesting the appointment of a lawyer in connection with cases 91-05407 and 91-02013. He also used the name Alvin Ward in his motion for discovery in this case.

Regarding the admissibility of criminal conviction orders, we have previously held that "[i]dentity of names carries with it a presumption of identity of person, the strength of which will vary according to the circumstances." Cook v. Commonwealth, 7 Va. App. 225, 230, 372 S.E.2d 780, 783 (1988). The record sufficiently identifies appellant--Alvin Rudolf Fields, also known as Alvin Rudolf Ward--as the person named in the three conviction orders. There is no evidence sufficiently contradicting the presumption that appellant and the defendants in those orders are one and the same person.

We hold that the trial court did not abuse its discretion when it admitted the conviction orders. See Witt v. Commonwealth, 215 Va. 670, 674, 212 S.E.2d 293, 296 (1975) ("The measure of the burden of proof with respect to factual questions underlying the admissibility of evidence is proof by a preponderance of the evidence."). Moreover, we cannot say that the trial court was plainly wrong when it found that appellant had been thrice previously convicted of petit larceny and

convicted him of felonious petit larceny.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.