COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Frank
Argued at Chesapeake, Virginia


ARMARD RASHAD SMITH

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2752-00-1          JUDGE RICHARD S. BRAY
                                       FEBRUARY 26, 2002
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Edward W. Hanson, Jr., Judge

             Gary P. Arsenault (Michael E. Grey; Grey &
             Arsenault, P.C., on brief), for appellant.

             Eugene Murphy, Assistant Attorney General
             (Randolph A. Beales, Attorney General, on
             brief), for appellee.


     Armard Rashad Smith (defendant) was convicted by a jury of

first-degree murder, conspiracy to commit a felony and burglary,

violations of Code §§ 18.2-32, -22, and -89, respectively.

Defendant appeals the murder conviction, contending the reversal

by this Court of a codefendant's first-degree murder conviction

"requires a new trial or reversal of [his] conviction."  We

disagree and affirm the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.  Guided by familiar principles of

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

appellate review, we view the evidence in the light most favorable
to the Commonwealth, granting to it all reasonable inferences
fairly deducible therefrom.  Martin v. Commonwealth, 4 Va. App.
438, 443, 358 S.E.2d 415, 418 (1987).

I.

On July 25, 1997, at approximately 2:30 a.m., intruders
burglarized the residence of Tara Harper, and a visitor in the
home, William McKleny, III (the victim), was murdered.  Shortly
thereafter, police arrested defendant, Toney Griffin, Jerry
Norman, Santo Langley, and Terrence Woolard, charging each with
conspiracy to commit a felony, burglary, first-degree murder, and
related uses of a firearm, all offenses arising from the incidents
at Harper's home.  The codefendants were tried jointly, and
videotaped statements of defendant, Griffin, and Norman to police
were admitted into evidence.  The jury convicted all five men of
conspiracy, burglary, and first-degree murder, and, in addition,
convicted Griffin and Norman of the related firearm offenses.[1]

---

[1] Upon appeal by Langley, a panel of this Court reversed the
convictions, finding error in the admission of the Norman and
Smith statements as evidence against Langley.  See Langley v.
Commonwealth, No. 0772-99-1 (Va. Ct. App. Dec. 28, 2000).
    On appeal by Norman, a panel of this Court affirmed the
convictions.  See Norman v. Commonwealth, No. 2925-99-1 (Va. Ct.
App. Nov. 14, 2000).  His subsequent appeal to the Supreme Court
of Virginia remains undecided.
    Woolard's appeal to this Court resulted in a reversal of
the convictions because we concluded the trial court erred in
admitting the Norman and Smith statements as evidence against
Woolard.  See Woolard v. Commonwealth, No. 2648-99-1 (Va. Ct.
App. July 18, 2000).

-

On October 10, 2000, a panel of this Court reversed the first-degree murder conviction of Toney Griffin. See Griffin v. Commonwealth, No. 2819-98-1 (Va. Ct. App. Oct. 10, 2000). Concluding the Commonwealth had "failed to prove the inherent reliability required for admissibility of Smith's statement" as evidence against Griffin, the panel ruled the trial court erroneously admitted the statement. Id.[2] Defendant contends our decision in Griffin requires reversal of the instant convictions.

## II.

The doctrine of felony-murder is well established in this Commonwealth. In Wooden v. Commonwealth, 222 Va. 758, 284 S.E.2d 811 (1981), the Supreme Court of Virginia defined the concept thusly:

> Where a person maliciously engages in criminal activity, such as robbery, and homicide of the victim results, the malice inherent in the robbery provides the malice prerequisite to a finding that the homicide was murder. And, all of the criminal participants in the initial felony may be found guilty of the felony-murder of the victim so long as the homicide was within the res gestae of the initial felony.

---

[2] The Commonwealth's appeal of Griffin to the Supreme Court of Virginia remains unresolved.

-

Id. at 762, 284 S.E.2d at 814 (citation omitted). Accordingly,

Code § 18.2-32 classifies the offense as "murder in the first

degree."[3]

Here, although defendant was brought to trial on an

indictment that simply alleged he "did kill and murder" the

victim in violation of Code § 18.2-32, the theory underlying the

prosecution and reflected in the attendant instructions to the

jury, relied only upon the concept of felony-murder.[4]  Thus, to

-------

[3] Code § 18.2-32, in effect at the time of the instant proceedings, provided:

> Murder, other than capital murder, by
> poison, lying in wait, imprisonment,
> starving, or by any willful, deliberate, and
> premeditated killing, <u>or in the commission
> of</u>, or attempt to commit, arson, rape,
> forcible sodomy, inanimate object sexual
> penetration, robbery, <u>burglary</u> or abduction,
> except as provided in § 18.2-31, <u>is murder
> of the first degree, punishable as a Class 2
> felony</u>.

(Emphasis added).

[4] The jury was instructed as follows:

INSTRUCTION NO. 26

The Court instructs the jury that the
defendant is charged with the crime of first
degree murder.  The Commonwealth must prove
beyond a reasonable doubt each of the
following elements of that crime:

1.  That William McKleny, III was killed;
and

2.  That the killing occurred during a
burglary; and

-

convict defendant, the Commonwealth was required to prove beyond a reasonable doubt that the murder occurred while defendant was engaged in burglary as a principal in the first or second degree.

Viewed in the light most favorable to the Commonwealth, the instant record clearly establishes the requisite elements. Defendant confessed to the burglary as a principal in the first degree, and the victim was murdered during commission of the offense, facts acknowledged by his counsel during oral argument on the instant appeal. Under such circumstances, defendant was clearly guilty of felony-murder, resulting in a conviction free of the error that infected the record in Griffin.

Accordingly, we affirm the conviction.

Affirmed.

---

3. That the defendant was a principal in the first or second degree, as defined by the court in other instructions, to burglary.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty of first degree murder . . . .

-