COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


LAKISHA R. SMITH

MEMORANDUM OPINION[*] BY
v.   Record No. 1380-01-4      JUDGE RUDOLPH BUMGARDNER, III
JUNE 11, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
John E. Kloch, Judge

Patrick N. Anderson (Patrick N. Anderson,
P.C., on briefs, for appellant.

Leah A. Darron, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


Lakisha R. Smith appeals her conviction of voluntary manslaughter following a jury trial. She contends the evidence was insufficient because she killed in self-defense and the jury failed to follow instructions by not finding she killed in self-defense. Finding no error, we affirm.

On appeal, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). If the evidence supports the conviction, this Court is "not permitted

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to substitute its judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at the trial."  Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998) (citations omitted).

The defendant and her boyfriend, the victim, were bathing two young children when they began arguing.  The argument deteriorated into a pushing match, and then the victim put his hands to the defendant's throat and began choking her.  The defendant withdrew a knife and stabbed the victim in the neck. He died from the single stab wound, which had severed the subclavian artery.

The Commonwealth's primary evidence of the altercation came from an eyewitness who demonstrated her testimony about the movements of the victim and the defendant right before the defendant stabbed the victim.[1]  The defendant testified she stabbed the victim because he was choking her.  She said that as they scuffled the victim began choking her with both hands.  He always kept one hand on her throat, but she was able to retrieve a knife from her shirt and stab him.

---

[1] The only description in the record of this demonstration appears in the Commonwealth's closing argument.  The Commonwealth's Attorney recounts the demonstration:  the victim stood in front of the defendant with his hands at his sides as the defendant turned away, retrieved the knife, raised it above her head, and stabbed the victim in one motion.

Both versions of the events agree that a fight developed and the victim began choking the defendant. From that point, the versions differed. The Commonwealth's evidence indicated the victim had stopped choking the defendant and was standing with his hands at his sides. The defendant testified the victim continuously choked her and she could not get his hands from her throat. The Commonwealth showed the parties moved about the bathroom, but the defendant said she could not get away. The medical examiner observed one abrasion on the defendant's neck but no other "findings . . . typical of manual strangulation." The Commonwealth showed the defendant purchased the murder weapon an hour and a half before the killing after an earlier argument over the victim going to visit another woman. The Commonwealth maintains she pulled the knife after the argument renewed in the bathroom. The defendant testified she bought the knife for self-protection and not because of an argument.

The evidence of self-defense was in conflict. The evidence differed on whether the defendant was at fault in provoking the fight. The trial court instructed on both forms of self-defense. If the defendant was at fault, the evidence varied on whether the defendant retreated as far as she could or attempted to abandon the fight. For either form of self-defense, the evidence supported either alternative finding for the two issues of whether the defendant reasonably feared death or great bodily harm or whether she used reasonable force

under the circumstances as they appeared to her.  See Peeples v. Commonwealth, 30 Va. App. 626, 519 S.E.2d 382 (1999) (en banc). The conflicts in the evidence existed for each essential aspect of self-defense.

"Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a reasonable doubt about his guilt."  Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993) (citation omitted). While the defendant's version of the incident would permit a finding of self-defense, it did not mandate that result.  Her defense rested upon her credibility.  Her evidence was not so compelling that reasonable persons must adopt it when evaluating the evidence presented at trial.  Reasonable persons could equally adopt the version presented by the Commonwealth.

The jury heard and saw the witnesses when they testified. It assessed their credibility and resolved the conflicts in the evidence against the defendant when it found her guilty.  As the trial court noted, there were many grounds upon which the jury could have convicted, or disbelieved the evidence supporting the affirmative defense.  "Whether the evidence raises such a reasonable doubt is a question of fact that will not be disturbed on appeal unless plainly wrong or unsupported by the evidence."  Utz v. Commonwealth, 28 Va. App. 411, 415, 505 S.E.2d 380, 382 (1998) (citation omitted); Thomason v. Commonwealth, 178 Va. 489, 498-500, 17 S.E.2d 374, 377-78

-

(1941); Gardner v. Commonwealth, 3 Va. App. 418, 426, 350 S.E.2d 229, 233 (1986).

The defendant also contends the jury failed to follow the instructions of law. In essence, the defendant argues the jury disregarded the instructions because it did not find she acted in self-defense. However, the evidence of self-defense was in conflict, and the defendant points to nothing to show the jury disregarded the trial court's instructions. Without clear evidence to the contrary, a jury is presumed to have followed a judge's instructions. Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990) (instruction to disregard); LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983).

Credible and competent evidence supported the jury's verdict of guilty, and nothing suggests it did not follow the instructions of law. Accordingly, we affirm the conviction.

Affirmed.