COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Beales
Argued at Chesapeake, Virginia


MICHAEL ANTHONY SMITH
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0320-05-2              JUDGE LARRY G. ELDER
                                                         JULY 5, 2006
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                          Joseph E. Spruill, Jr., Judge Designate

                 Thomas J. Wallen (J. Bruce Strickland; Murphy & Strickland, on
                 brief), for appellant.

                 Stephen R. McCullough, Assistant Attorney General (Judith
                 Williams Jagdmann, Attorney General, on brief), for appellee.


        Michael A. Smith (appellant) appeals from his bench trial convictions for grand larceny

and breaking and entering with intent to commit larceny.  On appeal, he contends the evidence

was insufficient to prove he was the perpetrator of the burglary at issue.  We hold the

circumstantial evidence, viewed in the light most favorable to the Commonwealth, was sufficient

to support his convictions, and we affirm.

        When considering the sufficiency of the evidence on appeal of a criminal case, we view

the evidence in the light most favorable to the Commonwealth, granting to that evidence all

reasonable inferences deducible therefrom.  See, e.g., Martin v. Commonwealth, 4 Va. App. 438,

443, 358 S.E.2d 415, 418 (1987).  "Circumstantial evidence is as competent and is entitled to as

much weight as direct evidence, provided it is sufficiently convincing to exclude every

reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

S.E.2d 864, 876 (1983). In its role of judging witness credibility, the fact finder is entitled to disbelieve, in whole or in part, the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt. Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (*en banc*); see Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (holding fact finder "is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible"); see also Tarpley v. Commonwealth, 261 Va. 251, 256-57, 542 S.E.2d 761, 764 (2001) (noting fact that accused lied provided basis for rejection of accused's testimony but was not substantive evidence of guilt).

The evidence established that a Fredericksburg glass and woodworking company called Coast Winds, which was adjacent to a halfway house called Serenity House, was burgled on the night of August 21, 2001. Detective John Lippincott investigated the burglary. Among the items missing were a computer and related computer equipment, but still present was the computer printer, which had been broken for some time. Appellant, a former employee of the business and former occupant of Serenity House, became a suspect when DNA testing conclusively linked him to blood spatter found on an interior cabinet adjacent to a window broken in the burglary. Employee Richard Newpher testified appellant had been present for numerous conversations Newpher had with the company's owner about the need for a replacement printer.

Although this case involved DNA obtained from blood spatter, we hold principles of law related to fingerprint evidence are instructive. DNA, like fingerprint evidence, may be "a certain and scientific method of identification[,] . . . 'an unforgeable signature.'" Turner v. Commonwealth, 218 Va. 141, 146, 235 S.E.2d 357, 360 (1977) (quoting Avent v. Commonwealth, 209 Va. 474, 478, 164 S.E.2d 655, 658 (1968)).

> [W]hile [a] defendant's [DNA] found at the scene of the crime
> may be sufficient under the circumstances to show defendant was
> there at some time, nevertheless, in order to show defendant was
> the criminal agent, such evidence must be coupled with evidence

of other circumstances tending to reasonably exclude the hypothesis that the [DNA] was [left] at a time other than that of the crime. Such "other circumstances" . . . "need not be circumstances completely independent of the [DNA], and may properly include circumstances such as the location of the [DNA], the character of the place or premises where it was found and the accessibility of the general public to the object on which the [DNA] was [left]." Those attendant circumstances may demonstrate the accused was at the scene of the crime when it was committed. And if such circumstances do so demonstrate, a rational inference arises that the accused was the criminal agent.

Id. at 146-47, 235 S.E.2d at 360 (quoting Avent, at 479, 164 S.E.2d at 659) (citations omitted). The Supreme Court applied these principles in Turner, in which a fingerprint found on a flashlight at the scene of a crime was left in blood, providing sufficient evidence to indicate the print was left contemporaneously with the break-in and bloody beating for which the defendant was on trial. Id. at 147-48, 235 S.E.2d at 360-61.

Similarly, here, the evidence, viewed in the light most favorable to the Commonwealth, supported the inference that appellant cut himself on the window broken during the burglary, resulting in the blood spatter found on the cabinet inside the burgled storage room. Coast Winds employee Richard Newpher testified that the storeroom window was intact on August 21, 2001, and was broken when he arrived for work on August 22, 2001, and discovered his computer and other items missing from the business. Newpher testified that the interior storage room where appellant's blood was found was not a place where employees regularly went. To Newpher's knowledge, appellant "never put anything in the store room," and Newpher testified it would have been unusual for appellant to have put anything in the storeroom while he was an employee without Newpher's knowing about it. Finally, when Detective Lippincott interviewed appellant about the break-in and showed him a sketch of the premises, appellant stated repeatedly that he had never been inside the burgled storeroom. The only hypothesis flowing from this evidence is that appellant's blood was left in the storeroom at the time of the burglary, supporting the

inference that appellant was the burglar.  Cf. <u>Bizzoco v. Commonwealth</u>, 27 Va. App. 513, 500 S.E.2d 237 (1998) (upholding conviction where evidence of fingerprints found outside window of burglarized residence was accompanied by *defendant's denial that he could have left the prints in any legitimate visit to the premises* and his statement to police that he was at home on the night of the offense when the officer had not told him the date or time of the crime).

Appellant's testimony at trial does not compel a different result.  Appellant claimed that he had been confused by Detective Lippincott's drawing of the premises; that he had, in fact, been inside the storeroom while staying at Serenity House and working at Coast Winds; and that it was not unusual for him to cut himself while he worked for Coast Winds as a carpenter, permitting what he contends is an equally plausible inference that he could have left his blood in the storage room at a time other than during the commission of the burglary.  However, Detective Lippincott testified that, when he questioned appellant about whether he had ever been in the storeroom where his blood was found, Detective Lippincott used an adjacent parts room as a landmark and appellant did not appear the least bit confused when he stated twice that he had never been in the storeroom.  The trier of fact was entitled to reject appellant's testimony as not credible, which it did expressly when it concluded appellant's explanation "doesn't ring true" and that, although Detective Lippincott's drawing "[was] not an artist's rendition . . . of the place," the court could not "imagine why [appellant] would be confused."

Once the trial court rejected appellant's trial testimony as incredible, which it was entitled to do, the only reasonable hypothesis flowing from the remaining evidence in the record is that appellant denied having ever been in the storeroom legitimately and that he must have left the blood spatter on the storage room cabinet when he broke the window at the time of the burglary. This evidence permitted the inference that appellant, in fact, was the burglar and that he broke and entered the Coast Winds premises with the intent to steal the computer and other equipment

he knew were located inside.  The fact that the burglar did not take the broken printer and that appellant had learned the printer was broken when he worked at Coast Winds provides additional circumstantial evidence that appellant was the perpetrator.

For these reasons, we hold the evidence was sufficient to support appellant's convictions, and we affirm.

<u>Affirmed.</u>