COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Elder
Argued at Richmond, Virginia

SHERMAN JONES
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2896-96-2        JUDGE JERE M. H. WILLIS, JR.
                                          NOVEMBER 4, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    James F. D'Alton, Jr., Judge

          Joseph A. Sadighian, Assistant Public
          Defender (Office of the Public Defender, on
          brief), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Richard Cullen, Attorney General;
          Margaret Ann B. Walker, Assistant Attorney
          General, on brief), for appellee.


     On appeal from his conviction for petit larceny, in

violation of Code § 18.2-103, Sherman Jones contends that the

evidence was insufficient.  We disagree and affirm the judgment

of the trial court.

     At approximately 3:00 a.m., on November 8, 1995, Melody

Ferris, a 7-Eleven Store employee, saw William Wilson steal four

packs of cigarettes and leave the premises.  She called the

police.  Jones and a man named Diggs had entered the store

together a few minutes after Wilson.

     Ferris noticed Diggs near the area containing luncheon meat

and fresh sandwiches.  She observed Jones in the back of the

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

store near the canned goods section, handling containers of Spam and sardines. When Jones noticed Ferris watching him, he turned his back toward her but continued "picking up stuff, putting it down, picking it up, putting it down." Jones walked to the medicine section where he repeatedly handled packets of BC Powder and Tylenol. Cigars were displayed adjacent to the medicine section. While Ferris was calling the police, she saw Wilson reenter the store. The three men then departed together without purchasing anything.

Shortly after receiving a police dispatch concerning the theft at the 7-Eleven, Sergeant Canady located the three men walking away from the store, about a block away. Following a consensual pat-down of Wilson, Sergeant Canady confiscated the stolen cigarettes and arrested him. Sergeant Canady testified that "[b]oth Mr. Jones and Mr. Diggs were carrying items which would be purchased or could be purchased from the 7-Eleven." He said that Jones was carrying a grocery bag and eating a sandwich that had a plastic wrapper. Shortly thereafter, Officer Helms arrived on the scene. He saw a bag on the ground next to Jones. Officer Nicholson patted Jones down. He testified that he felt a sandwich in one of Jones' pockets and that Jones was smoking a cigar.

Upon returning to the 7-Eleven with Wilson, Sergeant Canady interviewed Ferris about the items being carried by Jones and Diggs. After he learned that neither Jones nor Diggs had

purchased anything, the police officers located and arrested them. Officer Nicholson recovered two packs of cigars from Jones. Neither man presented a purchase receipt.

By examining the 7-Eleven identification number on the recovered items, Ferris verified that all of the items came from her store, but acknowledged that she could not say with "one hundred percent certainty" that the cigars were stolen. Ferris viewed a videotape recorded by the store's surveillance camera and testified that the three men had not been in the store earlier that day or night.

The confiscated goods, which encompassed the items recovered from a grocery bag, included two cans of Spam, one can of sardines, approximately thirty packets of BC Powder, four packs of cigarettes, and two packs of cigars. Also seized from the three men were plastic wrappers from refrigerated sandwiches and a bottle of wine.

Jones contends that the evidence is insufficient to sustain his conviction. He argues that the Commonwealth failed to disprove two reasonable hypotheses of innocence: (1) the cigars recovered from his person were not stolen; and (2) the grocery bag that he was seen holding was not the same grocery bag from which the recovered items came.

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears

> from the evidence that the judgment is plainly wrong or without evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  When the sufficiency of the evidence is challenged on appeal, "it is our duty to look to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong."  Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961).  See Johnson v. Commonwealth, 2 Va. App. 598, 604-05, 347 S.E.2d 163, 167 (1986) ("Circumstantial evidence alone is sufficient to sustain a conviction.").

Ferris observed Jones acting in a suspicious manner in the store, handling cans of sardines, Spam, as well as BC Powder.  The medicine was adjacent to an area containing cigars.  Jones left the store with two other individuals, one of whom had been seen stealing cigarettes, and the other having been seen in the sandwich section.  No purchase was made.  A short time later, Jones was seen in the vicinity of the store in possession of a plastic-wrapped sandwich, cigars, and a grocery bag.  A store clerk confirmed that the cigars and the goods in the grocery bag brought to the store by the police came from that specific 7-Eleven.  None of the three men had been in the store previously that day, and no receipt for purchase was presented.

"Whether the Commonwealth relies upon either direct or circumstantial evidence, it is not required to disprove every remote possibility of innocence, but is, instead, required only

- 4 -

to establish guilt of the accused to the exclusion of a reasonable doubt." Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986) (citation omitted). See Smith v. Commonwealth, 185 Va. 800, 820, 40 S.E.2d 273, 282 (1946). Indeed, "'[t]he hypotheses which the Commonwealth must reasonably exclude are those "which flow from the evidence itself, and not from the imagination of defendant's counsel."'" Cantrell v. Commonwealth, 7 Va. App. 269, 289-90, 373 S.E.2d 328, 338 (1988) (citations omitted).

A theory of innocence based upon speculation that an unidentified third party may have given Jones the cigars, that Jones may have purchased the goods on a previous day or that a mix-up may have occurred between his bag and the bag containing the stolen goods does not flow from the evidence. The credibility of the witnesses, the weight accorded the testimony and the inferences to be drawn from proven facts are solely within the province of the trier of fact, provided such inferences are justified and reasonable. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989); Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29-30 (1963). We find that it was not error for the trial court, having heard all the evidence, to infer that the grocery bag possessed by Jones was the grocery bag containing stolen items and that Jones participated in the theft of the items from the 7-Eleven.

The judgment of the trial court is affirmed.

Affirmed.
