COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Elder
Argued at Richmond, Virginia


JERMAINE SHORED DAVIS

                                        MEMORANDUM OPINION[*] BY
v.          Record No. 0453-97-2         JUDGE SAM W. COLEMAN III
                                            FEBRUARY 24, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Donald W. Lemons, Judge

            Patricia P. Nagel, Assistant Public Defender
            (David J. Johnson, Public Defender, on
            briefs), for appellant.

            Ruth Ann Morken, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.


     Jermaine Shored Davis was convicted in a bench trial for

robbery, use of a firearm in the commission of robbery, entering

a bank with intent to commit a larceny, and felonious wearing of

a mask to conceal his identity to the public.  He contends the

evidence is insufficient as a matter of law:  (1) to identify him

as a perpetrator of the robbery, and (2) to support the

conviction for use of a firearm in the commission of robbery.  We

find that the evidence is sufficient to prove that appellant was

one of the robbers and that Rule 5A:18 bars our consideration of

his claim regarding use of a firearm.  Accordingly, we affirm the

convictions.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Viewed accordingly, the evidence proved that Regina Halstead and Julia Gregory were at a Signet Bank branch to make a deposit for their employer. As they entered the bank, they observed two men dressed in dark clothes standing by a public telephone near the entrance of the bank. Less than five minutes later, two men wearing dark clothing and dark masks entered and robbed an employee of the bank at gunpoint.

The Commonwealth introduced two sets of photographs taken by the bank's surveillance cameras. One set of photos taken outside the bank showed two men standing by the pay phone. The face of one man is clearly shown. The second set of photos taken inside the bank depicted the two robbers wearing dark clothes identical to those worn by the men shown standing near the pay phone in the first set of photos. The photographs inside the bank show very clearly the face of the second man. Nothing distinguishes the men who robbed the bank from the men who were outside the bank.

Halstead testified that there was "no doubt in [her] mind" that the two men that she had seen standing by the phone were the same men she saw inside the bank who committed the robbery. She testified that the only difference in their appearance was that

they were wearing masks when they entered and robbed the bank. Both Halstead and Gregory testified that the appellant was one of the two men they had seen standing by the pay phone. Moreover, Halstead positively identified appellant as one of the men depicted in the photographs taken outside the bank. The Commonwealth also presented evidence that a fingerprint lifted by police from the pay phone matched appellant's fingerprint.

We find that the evidence supports the trial court's conclusion that appellant was one of the men who robbed the bank's tellers. Halstead's identification testimony and the photographic evidence proved that the two men seen by the pay phone were the men who committed the robbery and that one of them was the appellant. Both Halstead and Gregory identified appellant as one of the men standing by the pay phone. The identification of appellant was corroborated by the presence of his fingerprint on the pay phone.

Neither Gregory nor the bank tellers could identify appellant as one of the bank robbers. However, Halstead did. Halstead identified appellant as one of the men in photographs using the telephone outside the bank. The photographs clearly show that the two men inside the bank were dressed identically to the men using the telephone outside the bank. Although the Commonwealth failed to ask any witness whether either of the persons depicted in the photographs inside the bank was the appellant, the trier of fact had the opportunity to view

appellant and the photographs.  The weight to be given to the evidence was a question for the fact finder to decide.  <u>See</u> <u>Bridgeman v. Commonwealth</u>, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).  Considering the totality of the circumstances, and granting to the Commonwealth the inferences fairly deducible from the record, the Commonwealth's evidence is sufficient to prove beyond a reasonable doubt that appellant was one of the two men who committed the robbery.

<u>USE OF A FIREARM IN THE COMMISSION OF ROBBERY - RULE 5A:18</u>

Appellant also contends the evidence is insufficient to prove that the firearm used in the commission of the robbery was capable of firing.  Appellant failed to raise the issue to the trial court in arguing his motion to strike the Commonwealth's evidence.  Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or . . . to attain the ends of justice."  Because the record does not reflect a reason that we should invoke the good cause or miscarriage of justice exceptions to the rule, Rule 5A:18 precludes our consideration of the firearm issue.

For the foregoing reasons, we affirm the convictions.

<u>Affirmed.</u>