COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Elder
Argued at Richmond, Virginia


ANTHONY EARL SHORED DAVIS
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 0519-97-2        JUDGE SAM W. COLEMAN III
                                           FEBRUARY 24, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Donald W. Lemons, Judge

          Robert D. Shrader, Jr. (Steingold, Shrader &
          Angelidis, on brief), for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     Anthony Earl Shored Davis was convicted in a bench trial for
robbery, use of a firearm in the commission of robbery, and
entering a bank with intent to commit a larceny.  The sole issue
on appeal is whether the evidence is sufficient to identify
appellant as one of the robbers.  Finding the evidence
sufficient, we affirm the convictions.

                            IDENTITY

     "On appeal, we view the evidence in the light most favorable
to the Commonwealth, granting to it all reasonable inferences
fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App.
438, 443, 358 S.E.2d 415, 418 (1987).  Viewed accordingly, the
evidence proved that Regina Halstead and Julia Gregory were at a

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Signet Bank branch to make a deposit for their employer. As they entered the bank, they observed two men dressed in dark clothes standing by a public telephone near the entrance of the bank. Less than five minutes later, two men wearing dark clothing and dark masks entered and robbed an employee of the bank at gunpoint.

The Commonwealth introduced two sets of photographs taken by the bank's surveillance cameras. One set of photos taken outside the bank showed two men standing by the pay phone. The face of one man is clearly shown. The second set of photos taken inside the bank depicted the two robbers wearing dark clothes identical to those worn by the men shown standing near the pay phone in the first set of photos. The photographs inside the bank show very clearly the face of the second man. Nothing distinguishes the men who robbed the bank from the men who were outside the bank.

Halstead testified that there was "no doubt in [her] mind" that the two men that she had seen standing by the phone were the same men she saw inside the bank who committed the robbery. She testified that the only difference in their appearance was that they were wearing masks when they entered and robbed the bank. Both Halstead and Gregory testified that the appellant was one of the two men they had seen standing by the pay phone. Moreover, Halstead positively identified appellant as one of the men depicted in the photographs taken outside the bank.

We find that the evidence supports the trial court's

conclusion that appellant was one of the men who robbed the bank tellers. Halstead's identification testimony and the photographic evidence proved that the two men seen by the pay phone were the men who committed the robbery and that one of them was the appellant. Both Halstead and Gregory identified appellant as one of the men standing by the pay phone.

Neither Gregory nor the bank tellers could identify appellant as one of the bank robbers. However, Halstead did. Halstead identified appellant as one of the men in photographs using the telephone outside the bank. The photographs clearly show that the two men inside the bank were dressed identically to the men using the telephone outside the bank. Although the Commonwealth failed to ask any witness whether either of the persons depicted in the photographs inside the bank was the appellant, the trier of fact had the opportunity to view appellant and the photographs. The weight to be given to the evidence was a question for the fact finder to decide. See Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). Considering the totality of the circumstances, and granting to the Commonwealth the inferences fairly deducible from the record, the Commonwealth's evidence is sufficient to prove beyond a reasonable doubt that appellant was one of the bank robbers.

Accordingly, we affirm the convictions.

Affirmed.