COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Bumgardner
Argued at Salem, Virginia


DEMIANO DECIPE TINSLEY,
 S/K/A DEMANIO DECIPE TINSLEY
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0184-97-3      JUDGE NELSON T. OVERTON
                                           MAY 5, 1998
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF HENRY COUNTY
                     David V. Williams, Judge

          Philip G. Gardner (Gardner, Gardner, Barrow &
          Sharpe, P.C., on briefs), for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Richard Cullen, Attorney General;
          Leah A. Darron, Assistant Attorney General,
          on brief), for appellee.


     Demanio Tinsley (defendant) appeals his convictions for

maliciously shooting into an occupied vehicle, in violation of

Code § 18.2-154, use of a firearm in the commission of a felony,

in violation of Code § 18.2-53.1, and second degree murder, in

violation of Code § 18.2-32.  He contends a bullet "jacket" found

in the body of the victim was improperly admitted into evidence

because it was not authenticated.  We hold the jacket was

properly authenticated, and we affirm.

     The parties are fully conversant with the record in this

case and because this opinion carries no precedential value, no

recitation of the facts is necessary.

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

In order to authenticate a piece of evidence "[t]he Commonwealth is not required to exclude every conceivable possibility of substitution, alteration, or tampering. All that is required in order to establish a chain of custody is that the Commonwealth's evidence 'afford reasonable assurance that the exhibits at trial are the same and in the same condition as they were when first obtained.'" Pope v. Commonwealth, 234 Va. 114, 121, 360 S.E.2d 352, 356 (1987) (quoting P. Smith v. Commonwealth, 219 Va. 554, 559, 248 S.E.2d 805, 808 (1978)). This determination lies within the "broad discretion" of the trial court, and we will reverse only upon an abuse of that discretion. See Crews v. Commonwealth, 18 Va. App. 115, 118-19, 442 S.E.2d 407, 409 (1994).

The evidence in question is the jacket of a bullet found in the victim's body after the body had been autopsied, embalmed, buried, exhumed and re-opened. The jacket was overlooked during the first autopsy due to excessive blood in the chest cavity. A forensic scientist testified that the jacket was fired from the same gun defendant used to shoot the victim. While it was clear the body had been handled by the mortician prior to burial, the trial court held the jacket admissible because it was reasonable to infer the jacket had not been inserted into the body between the two autopsies.

Viewing the evidence in the light most favorable to the Commonwealth, Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987), and keeping in mind the deferential standard of review, we hold the trial court did not abuse its discretion by admitting the jacket into evidence. The Commonwealth presented sufficient evidence to show the bullet offered at trial was the same one found in the body, in the same condition, and the suggestion of tampering or substitution of evidence was unreasonable.

Because we find that the bullet jacket was properly admitted into evidence, we affirm defendant's convictions.

Affirmed.