COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


WILLARD SMITH

MEMORANDUM OPINION[*] BY
v.          Record No. 2130-97-2       JUDGE JERE M. H. WILLIS, JR.
                                              MARCH 2, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Donald W. Lemons, Judge

        Robert P. Geary for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    On appeal from his conviction for maiming, in violation of

Code § 18.2-51, Willard Smith contends that the evidence is

insufficient to support his conviction.  We agree and reverse the

judgment of the trial court.

            On appeal, we review the evidence in the
        light most favorable to the Commonwealth,
        granting to it all reasonable inferences
        fairly deducible therefrom.  The judgment of
        a trial court sitting without a jury is
        entitled to the same weight as a jury verdict
        and will not be set aside unless it appears
        from the evidence that the judgment is
        plainly wrong or without evidence to support
        it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

(1987).

    On March 28, 1997, at an unspecified time, Andrew Taylor and

another man were standing on a street corner drinking beer, which

---

    [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

they had been doing since 6:00 a.m.  Sometime later that day, Smith approached Taylor and said, "I know you are mad . . . because I got your wife."  When Taylor walked away, Smith hit him in the back and stomach.  Taylor walked around the corner and passed out.  When he woke up, he was being treated in the emergency room for stab wounds.

When questioned by the police, Taylor told them he had been attacked by "Smoky," which is Smith's nickname.  He testified that he did not perceive that he was being stabbed, but that some of the stab wounds were in the same places that he recalled being hit by Smith.  Taylor testified that Smith hit him with his fists and that he saw no weapons in Smith's hands.

No evidence disclosed the time of Smith's attack on Taylor, the length of time Taylor was unconscious on the sidewalk, the time at which he was taken to the hospital, or what transpired between Taylor's loss of consciousness on the sidewalk and his arrival at the hospital.  Although at least one witness saw the altercation, only Taylor and an investigating detective testified.

Smith told police he knew that Taylor had been stabbed, but that he had not wounded Taylor.  Smith acknowledged an altercation between the two men but stated that he only hit Taylor and did nothing to break his skin.

The Commonwealth's case is based wholly on circumstantial evidence.  "The circumstances of motive, time, place, means, and conduct must all concur to form an unbroken chain which links the

- 2 -

defendant to the crime beyond a reasonable doubt." <u>Sam v. Commonwealth</u>, 13 Va. App. 312, 319, 411 S.E.2d 832, 836 (1991) (citation omitted). Here, no evidence disclosed what time the altercation took place or what time Taylor arrived at the hospital. There is no way to determine how long he was unconscious on the sidewalk or what may have happened to him after the altercation. Taylor had consumed a great deal of alcohol and could easily have passed out from intoxication. He was not aware that he had been stabbed until after he was at the hospital.

The evidence raises no more than a suspicion of Smith's guilt. Suspicion will not support a conviction. <u>See</u> <u>Betancourt v. Commonwealth</u>, 26 Va. App. 363, 374-76, 494 S.E.2d 873, 878-79 (1998).

The judgment of the trial court is reversed, and the charge is ordered dismissed.

<u>Reversed and dismissed.</u>