COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


BETHANY JANE MCBETH
                                    MEMORANDUM OPINION* BY
v.    Record No. 1096-98-2          JUDGE JERE M. H. WILLIS, JR.
                                          JUNE 29, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                    John W. Scott, Jr., Judge

            (Jeffrey Garth Edmunds, on brief), for
            appellant.  Appellant submitting on brief.

            Marla Graff Decker, Assistant Attorney
            General (Mark L. Earley, Attorney General;
            Donald E. Jeffrey, III, Assistant Attorney
            General, on brief), for appellee.


    On appeal from her conviction of child neglect, in

violation of Code § 18.2-371.1(B), Bethany Jane McBeth contends

that the evidence was insufficient to support her conviction.

We agree and reverse the judgment of the trial court.

            On appeal, we review the evidence in
            the light most favorable to the
            Commonwealth, granting to it all reasonable
            inferences fairly deducible therefrom.  The
            judgment of a trial court sitting without a
            jury is entitled to the same weight as a
            jury verdict and will not be set aside
            unless it plainly appears from the evidence
            that the judgment is plainly wrong or
            without evidence to support it.

_____

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On February 7, 1997, a social worker brought Anthony Hatcher, McBeth's son, to Dr. Pamela Mancini for treatment. Dr. Mancini testified that Anthony appeared unkempt and dehydrated and that she observed several burns on his buttocks. She could not tell whether the injuries were actual burns or were abrasions caused by the child's being struck by a cord or rope. She testified that the wounds were serious, but not life-threatening, and had occurred within two weeks prior to the medical visit. Anthony was admitted to the hospital for treatment. No evidence of dehydration, infection, or other ailment was introduced at trial. No evidence disclosed how Social Services came to be involved in the case.

Anthony's babysitter testified that the injury had occurred on or about February 1, 1997, while Anthony was in her care. Her twelve-year-old son had caused Anthony to sit on the electric space heater, the dimensions of which matched the pattern of his burns. The babysitter phoned McBeth at work to tell her of the injury, but no evidence disclosed that McBeth or the babysitter discussed the severity of the burns. McBeth applied an ointment to the burns, but sought no medical care because of the expense, the consequences of taking time off work, and her fear that Social Services would become involved.

-

Code § 18.2-371.1(B) provides:

> Any parent, guardian, or other person
> responsible for the care of a child under
> the age of eighteen whose willful act or
> omission in the care of such child was so
> gross, wanton and culpable as to show a
> reckless disregard for human life shall be
> guilty of a Class 6 felony.

The trial court found that:

> Even if the acts of [McBeth] did not
> directly cause the injuries to her child,
> her frequent and continued usage of this
> baby-sitter given the continuous series of
> injuries or "accidents" that were sustained
> by her child while in the sitter's care were
> so willful, wanton and culpable as to show a
> reckless disregard for human life.

McBeth admitted that Anthony spent a great deal of time at the babysitter's home.  While the trial court examined the cumulative effects of all the child's injuries, there was little evidence as to which injuries (except the burns) had occurred in the babysitter's home.  No evidence established that McBeth left Anthony in the babysitter's care following his burns or that he suffered significant other injuries, while in the babysitter's care, either before or after the burns.

The Commonwealth argues that McBeth's failure to obtain proper medical attention for Anthony, following his burns, supports her conviction.  We disagree.  Plainly, McBeth's response to Anthony's serious injuries was negligent and highly derelict.  However, she cannot be held to a level of understanding beyond her education and experience.  The doctor

-

perceived a need for medical treatment.  There was no evidence that a person of McBeth's education and experience should have had the same perception.  The evidence established that Anthony's injuries, though serious and painful, were not life-threatening.  Under these circumstances, McBeth's approach to Anthony's injuries was not "so gross, wanton or culpable as to show a reckless disregard for human life."  Code § 18.2-371.1(B).

The judgment of the trial court is reversed.

<u>Reversed</u>.