*Re:* IN THE MATTER OF THE REMOVAL OF

HERBERT CARL BOSO, AS A COUNCILMAN OF

THE CITY OF MOUNDSVILLE, WEST VIRGINIA

(No. 13807)

Decided January 25, 1977.

*H. John Rogers* for Herbert Boso.

*Arthur M. Recht, Schrader, Stamp & Recht* for Dr. Miller *et al.*

McGRAW, JUSTICE:

Before the Court for review are two judgment orders of the Circuit Court of Marshall County, both entered on August 31, 1976, one holding that the respondent, Herbert Carl Boso, an elected member of the Council of the City of Moundsville, was guilty of official misconduct, and the other ordering his removal from office. The trial court refused to suspend the execution of its removal order, whereupon respondent was removed from office and the vacancy thereby created was filled by appointment. The proceedings were pursuant to provisions of *W. Va. Code*, 6-6-5 (1931) and 6-6-7. A brief summary of the factual background will be warranted.

The City of Moundsville adopted the Council-Manager form of government on April 3, 1956. The City Manager is the chief executive officer, hiring and firing administrative personnel and otherwise operating and managing the city's government. The Council determines policies—primarily legislative in nature.

The issues arise from the provisions of Section 11 of the City Charter, providing as follows:

> "Neither the council nor any of its members shall direct or request the appointment of any person to, or his removal from office by the city manager or by any of his subordinates, or in any manner take part in the appointment or removal of officers in the administrative service of the city. Except for the purpose of inquiry, the council and its members shall deal with the administrative service solely through the city manager, and neither the council nor any member thereof shall give orders to any subordinates of the city manager, either publicly or privately. Any councilman violating the provisions of this section shall be guilty of misdemeanor and upon conviction thereof shall cease to be a councilman."

The proceedings here are on appeal from the judgment of the Circuit Court of Marshall County holding

that respondent's conduct as a member of the City Council amounted to "official misconduct" under *W. Va. Code*, 6-6-7 (1931) which relates back to *W. Va. Code*, 6-6-5 (1931), and ordering his removal from office.

*W. Va. Code*, 6-6-5 (1931), provides:

"Any state officer holding any elective office (except the governor, any judge, or a member of the legislature of this State) may be removed from office, by the governor, in the manner provided in the following section [§ 6-6-6]: (a) When disqualified from holding the office under any provision of the Constitution of this State, or any law now in force, or which may hereafter be enacted, whether such disqualification arose before or after his induction into office; (b) for official misconduct, malfeasance in office, incompetence, neglect of duty, or gross immorality."

*W. Va. Code*, 6-6-7 (1931), provides in pertinent part as follows:

"Any person holding any county, magisterial district, independent school district, or municipal office, including the office of a member of a board of education, the term or tenure of which office is fixed by law, whether elected or appointed thereto, except a judge of a court of record, may be removed by the circuit court of the county wherein such officer or person resides, or the judge of such court in vacation, or any of the grounds, or for any of the causes, for which a state officer may be removed under section five of this article [§ 6-6-5] or for any of the causes or on any of the grounds provided by any other statute. The charges may be preferred, in the case of any county officer, by the county court, or other tribunal in lieu thereof, any other officer of the county, or any five or more voters thereof; in the case of any magisterial district officer or independent school district officer, by the county court, sheriff, or prosecuting attorney of the county in which such district is located, any other officer of such district or five or more voters thereof; and, in the case of any municipal officer, by the prosecuting attorney of the county where

such municipality is located, any other officer of the municipality, or five or more voters thereof; or, in the case of any of the aforementioned officers or persons, where the removal is sought of an officer or person entrusted by law with the collection, custody and expenditure of public moneys, because of any misapplication, misappropriation, or embezzlement of such moneys, the charges may be preferred by the chief inspector and supervisor of public offices of the State.

"The charges shall be reduced to writing and entered of record by the court, or the judge thereof in vacation, and a summons shall thereupon be issued by the clerk of such court containing a copy of the charges and requiring the officer or person named therein to appear before the court or judge, at the courthouse of the county where such officer resides, and answer the charges on a day to be named therein, which summons shall be served in any manner by which a summons commencing a civil suit may be served, and at least five days before the return day thereof. The court, or the judge thereof in vacation, shall, without a jury, hear the charges and all evidence offered in support thereof, or in opposition thereto, and upon satisfactory proof of the charges shall remove any such officer or person from office, and place the records, papers, and property of his office in possession of some other officer or person for safekeeping, or in the possession of the person appointed as hereinafter provided, to fill the office temporarily."

Respondent Herbert Carl Boso was elected as a member of the City Council by the voters in the election of June, 1973, for a term of four years, beginning July 1, 1973. The petition for his removal from the office as city councilman was filed in the Circuit Court of Marshall County on August 12, 1975, shown to be signed and sworn to by 16 citizens of Moundsville. The petition asserts several charges but the trial court's findings of fact and conclusions of law base the judgment only on

one issue—that respondent Boso, during his term in office as city councilman in 1974, did "both direct and request James Wolfe, the then city manager of the City of Moundsville, to remove G. F. Knight as the Chief of Police of the City of Moundsville."

Two findings are to the effect that respondent did direct and request the city manager to replace the Chief of Police by appointment of Carl Morris and that "by the use of persuasive tactics which did amount to direction and request", the respondent did request the city manager to remove the Chief of Police and appoint Carl Morris. The court concluded that upon satisfactory proof respondent's conduct constituted "official misconduct" under *W. Va. Code,* 6-6-5, (1931), and warranted removal under *W. Va. Code,* 6-6-7 (1931).

It will be noted that *W. Va. Code,* 6-6-7 (1931) provides a trial court may order the official removed by a showing "upon satisfactory proof" that he is guilty of "official misconduct" as charged.

This Court has held in *Smith v. Godby,* 154 W. Va. 190, 174 S.E.2d 165 (1970), syllabus points 2 and 3, as follows:

> "The remedy for the removal from office of a public officer is a drastic remedy and the statutory provision prescribing the grounds for removal is given strict construction."

> "Section 7, Article 6, Chapter 6, Code, 1931, expressly requires that to remove a person from office the charge against him must be established by satisfactory proof."

More recently, the Court, in *Evans v. Hutchinson,* _____ W. Va. _____, 214, S.E.2d 453, (1975) held in point 9 of the syllabus:

> "To warrant removal of an official pursuant to Code 1931, 6-6-7, clear and convincing evidence must be adduced to meet the statutory requirement of satisfactory proof."

The quality of evidence as required by this Court in this case is the generally accepted evidentiary basis for

removal of an official. *See*, 63 Am. Jur. 2d *Public Officers and Employees*, § 228 (1972).

It will be noted the Moundsville Charter provides that no councilman shall "direct or request" the City Manager to appoint or remove any officers in the administrative service of the city. The trial court made findings of fact that the respondent did "direct and request" the City Manager to remove the Chief of Police and to replace him with another person, but the court did not indicate the evidence upon which the findings are based. The record evidence shows respondent, while a councilman, did converse with the City Manager directly and through others, about getting rid of the Police Chief and suggested another person who might so serve. But a careful reading of the evidence is lacking in the "satisfactory proof" required by the statute, *W. Va. Code*, 6-6-7 (1931), construed by this Court to require "clear and convincing evidence", as a basis for removal of an officer. While the findings of the trial court are accorded weighty consideration, the findings here are not supported by "clear and convincing evidence" constituting the required satisfactory proof. Moreover, as the Court has held, removal of an elected official is a drastic remedy and the statutory grounds for removal are to be given a strict construction.

As stated in *Hamrick v. McCutcheon*, 101 W. Va. 485, 133 S.E. 127 (1926), this respondent "must be judged by the standard of a reasonably careful man, and not by the standard of extraordinary prudence. . . . To exact a higher degree of care would deter prudent men from accepting office."

The findings of fact and conclusions of law of the trial court are set out in the court's order of August 31, 1976. Findings of fact 4, 5 and 6 are of immediate importance, all dealing with findings that respondent Boso did direct and request the City Manager, in violation of Section 11 of the City Charter, to fire the Chief of Police and to appoint Carl Morris to that position. Finding 4 is to the effect that, in January of 1974, respondent Boso did di-

rect and request removal of the Chief of Police. Finding 5 is to the effect that respondent did direct and request the appointment of Carl Morris as Chief of Police, and Finding 6 is a combination of the two prior findings.

Conclusions of Law 3, 4 and 5 are of immediate importance. Conclusion 3 is that "satisfactory proof of grounds for removal" exist. Conclusion 4 is that "interference" by the respondent in the City Manager's duties for removal and appointment of the Chief of Police "constitutes official misconduct", under provisions of *W. Va. Code*, 6-6-5 (1931) and 6-6-7 (1931). In discussing police department conditions, the respondent inquired of the City Manager, "Why don't you fire that damn Chief of Police?" Later in the month of January, 1974, in another conversation with the City Manager, the respondent is said to have inquired when the City Manager was going to change the Chief of Police. Cross examination of the City Manager clarifies these conversations between the City Manager and the respondent. On cross examination, the City Manager states that respondent did not direct or request that he appoint Carl Morris as Chief of Police. The City Manager is the primary witness for petitioners in this action. Without his testimony, the action cannot be sustained. With his direct testimony and cross examination and other record evidence, the trial court's findings and conclusions are to be considered and weighed.

Courts decide cases on the basis of facts and law. Honest differences may exist as to the significance and meaning of a set of facts and applicable principles of law. When the record facts in this action are examined, sifted and weighed, and viewed in the light of the controlling principles of law applicable thereto, the trial court's judgment, embraced in its order of August 31, 1976, that the respondent Herbert Carl Boso "has committed acts which constitute misconduct in office", as defined and understood in West Virginia law, cannot be sustained. This Court is mindful of the considerations accorded findings by the trial court. As stated in *Smith v. Godby, supra,* in point 4 of the syllabus:

"When the finding of a trial court in a case tried by it in lieu of a jury is against the preponderance of the evidence, is not supported by the evidence, or is plainly wrong, such finding will be reversed and set aside by this Court upon appellate review."

Likewise, the Court is mindful of the principle that removal of an elected officer from public office is a "drastic remedy" calling for strict construction of the grounds for removal and that "clear and convincing evidence must be adduced to meet the statutory requirement of satisfactory proof." *Evans v. Hutchinson, supra.* On careful review of the record in this action, the Court concludes that the respondent neither directed nor requested the City Manager of Moundsville to remove the Chief of Police and to appoint another person to the position, as contemplated in Section 11 of the Charter of the City of Moundsville, and that the trial court's judgment thereon, finding respondent "committed acts which constitute misconduct in office" under provisions of *W. Va. Code,* 6-6-5 (1931) and 6-6-7 (1931), cannot be sustained.

In the course of this litigation, other issues have been raised and considered, including constitutional issues of freedom of speech and expression and statutory vagueness. The Court gives recognition to these issues but finds it unnecessary to discuss them since the decision of the Court as herein rendered is totally dispositive of the litigation.

Accordingly, the judgments of the Circuit Court of Marshall County, entered in this action on August 31, 1976, are reversed, and the respondent, Herbert Carl Boso, is ordered reinstated in and restored to his office with back pay as a member of the Council of the City of Moundsville consistent with provisions of *W. Va. Code,* 6-6-7 (1931).

*Reversed, reinstated
and restored to office
with back pay.*