COURT OF APPEALS OF VIRGINIA

Present:   Judges Bumgardner, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


LAMONT ANTONE WYCHE

                                                MEMORANDUM OPINION* BY
v.        Record No. 3113-02-1                  JUDGE WALTER S. FELTON, JR.
                                                        APRIL 6, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            Marc Jacobson, Judge

            S. Clark Daugherty, Public Defender (Office of the Public Defender,
            on brief), for appellant.

            Deana A. Malek, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Lamont Antone Wyche appeals his conviction for involuntary manslaughter of fellow

inmate Terry Taitano[1] in the Norfolk City Jail.  He contends that the evidence was insufficient to

support his conviction.  We disagree and affirm the conviction.

                                    I.  BACKGROUND

        On January 3, 2002, Wyche and Taitano, both inmates of the Norfolk City Jail, argued

during a card game.  Wyche testified that he was mad and upset with Taitano for calling him a

"punk."  He told Taitano to "strap up," meaning to put on his shoes to fight.  Wyche was first to pull

on his leather cowboy boots.  While Taitano sat on his bunk lacing up his shoes, Wyche began

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] For the purposes of this opinion, we use the spelling of the victim's surname name as
"Taitano," as it was spelled in the autopsy report and the indictment.  The transcript and
appellant's brief spell the victim's name as "Tiantano."  The identity of the victim was not an
issue before the trial court nor before this Court on appeal.

assaulting him in the face and chest with his fists. Instead of hitting back, Taitano stood up and attempted to restrain Wyche. When he tried to "break loose" from Wyche, Wyche hit him once in the head and once in the chest, knocking him backwards. As Taitano fell, he struck his head on the steel frame of a bunk bed. He immediately collapsed and appeared unconscious as he fell. Witnesses described him as lying on his back, shaking and foaming at the mouth. While Taitano was lying on the floor Wyche kicked him several times in the chest and at least once in his face. The sharp edge of Wyche's cowboy boots caused abrasions to Taitano's left forehead and mid-chest area. One witness described the kicks like "kicking a football," while another testified that Wyche kicked Taitano with enough force to cause him to roll from his side to his back. Taitano never moved or attempted to get up after he collapsed on the floor. The other inmates called the guards for assistance. Taitano was pronounced dead at the scene.

Assistant Chief Medical Examiner Dr. Leah Bush performed the autopsy of Taitano. She reported that the cause of death was an "acute brain injury and acute coronary insufficiency due to severe organic heart disease subsequent to an acute stress reaction due to an altercation and fight with another person." Dr. Bush testified that Taitano suffered from an enlarged heart, a pre-existing organic heart disease, and had an abnormality of the main coronary artery. She explained that the type of abnormality found in the victim has been associated with sudden death. She also testified that the victim suffered acute brain injury. She testified that the injury to Taitano's forehead resulted in trauma to his brain, that the brain injury was caused by "an acute thrash" occurring on or about the time of death, and was significant enough to cause the brain tissue to be disrupted and torn. Dr. Bush explained that the fight caused an "acute stress reaction," resulting in the heart attack that was the immediate cause of Taitano's death. She testified that the brain injury was also a contributing factor in his death.

Wyche was charged with second-degree murder in violation of Code § 18.2-32. On August 29, 2002, the trial court convicted him of the lesser-included offense of involuntary manslaughter, and sentenced him to ten years in prison, with eight years and six months suspended for a period of ten years.

## II. ANALYSIS

### STANDARD OF REVIEW

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom. Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998); see Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citations omitted). "We will not substitute our judgment for that of the trier of fact, even were our opinion to differ." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

> Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

Kelly v. Commonwealth, 41 Va. App. 250, 257-58, 584 S.E.2d 444, 447 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

PROXIMATE CAUSE

Involuntary manslaughter is defined "as the accidental killing of a person, contrary to the intention of the parties, during the prosecution of an unlawful, but not felonious, act, or during the improper performance of some lawful act." Gooden v. Commonwealth, 226 Va. 565, 571, 311 S.E.2d 780, 784 (1984); Mundy v. Commonwealth, 144 Va. 609, 615, 131 S.E. 242, 244 (1926); Banks v. Commonwealth, 41 Va. App. 539, 546, 586 S.E.2d 876, 879 (2003); Darnell v. Commonwealth, 6 Va. App. 485, 489, 370 S.E.2d 717, 719 (1988). To convict Wyche of involuntary manslaughter, the Commonwealth had to prove beyond a reasonable doubt that his unlawful or "criminally negligent acts were a proximate cause of the victim's death." See Gallimore v. Commonwealth, 246 Va. 441, 446, 436 S.E.2d 421, 424 (1993); Banks, 41 Va. App. at 546, 586 S.E.2d at 879.

Wyche contends that the trial court erred when it failed to find that his argument with Taitano was the proximate cause of Taitano's heart attack, and not the fight. He argues that, "[w]here a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates [the accused]." Littlejohn v. Commonwealth, 24 Va. App. 401, 411, 482 S.E.2d 853, 858 (1997) (citation omitted). He asserts that the Commonwealth's medical expert presented two alternating theories as to the cause of death, one of which was that the argument was sufficient to bring on the heart attack. Thus, he reasons, the trial court erred when it failed to find that the argument and not the fight was the proximate cause of Taitano's death. We disagree.

In Spain v. Commonwealth, 7 Va. App. 385, 373 S.E.2d 728 (1988), this Court approved the following jury instruction:

> It is not necessary for a conviction of murder that the wounds, injuries or trauma be the direct cause of death; it is sufficient if the initial wound, injury or trauma causes death indirectly through a chain of natural causes.

- 4 -

Id. at 394, 373 S.E.2d at 733.  In Spain, an elderly woman died as the direct result of a heart attack suffered when she was assaulted during the course of a robbery.  There, the medical examiner testified that the victim "died from a heart attack induced by the stress of the traumatic event," specifically the defendant's assault.  Id. at 395, 373 S.E.2d at 733.  This Court held that the evidence was sufficient to convict the defendant of felony murder because "the initial wounds or trauma cause[ed] death indirectly through a chain of natural causes."  Id.

Here, Wyche aggressively assaulted Taitano, striking him in the chest and chin with his fists, causing Taitano to fall and to strike his head on a metal bed rail.  He continued to kick Taitano in the chest and head after he collapsed defenseless to the floor.  Wyche could reasonably foresee that his aggressive assault would likely cause serious injury or even death to Taitano.  Moreover, Wyche's physical blows created the "acute stress reaction" that Dr. Bush stated was the cause of his fatal heart attack.  The fact that Taitano's serious pre-existing heart condition contributed to cause his death does not negate the chain of causal connection between the assault and his death.  Id.

Wyche's contention that Taitano could have died from the argument ignores the testimony of Dr. Bush as to the cause of his death.  Moreover, eyewitnesses testified that Wyche first struck Taitano while he was sitting on his bed defenseless tying his shoelaces.  He also hit Taitano with his fists at least twice before the victim collapsed on the floor.  Further, the evidence showed that Taitano did not collapse until after Wyche repeatedly struck him.  While he denied hitting the victim, Wyche admitted that he kicked him twice in the chest.  The brain injury, resulting in brain tissue being torn and disrupted, was consistent with a blow to the left side forehead, where Taitano suffered abrasions caused by a hard linear surface such as the sole of Wyche's cowboy boots.  Dr. Bush testified that the trauma to Taitano's brain occurred either immediately before or after the heart attack.  Based on the evidence before it, the trial court

reasonably concluded that, while the victim's heart condition was a contributing cause of his death, Wyche's aggressive assault that left Taitano lying on the floor, suffering from a heart attack and trauma to his brain, was also a proximate cause of Taitano's death.

*MENS REA*

Involuntary manslaughter is "the accidental killing which, though unintended, is the proximate result of negligence so gross, wanton, and culpable as to show a reckless disregard of human life." King v. Commonwealth, 217 Va. 601, 607, 231 S.E.2d 718, 721 (1977). Wyche contends that the trial court erred in convicting him of involuntary manslaughter because "he could not be charged with knowledge that death or serious injury would be the probable result of his actions." In other words, Wyche contends that because he could not foresee that his conduct would cause the death of Taitano, he lacked the criminal culpability required to convict him of involuntary manslaughter. Here, there is no question that Wyche assaulted Taitano who was sitting defenseless while tying his shoes preparing to fight Wyche. Wyche had challenged Taitano to fight after Taitano called him a "punk." Stated simply, Wyche was the aggressor who physically assaulted Taitano, an unlawful act.

The Supreme Court has held:

> To convict [a defendant] of involuntary manslaughter, the Commonwealth [must] . . . prove that [the defendant] committed "acts of commission or omission of a wanton or wilful nature, showing a reckless or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury, or which make it not improbable that injury will be occasioned, and the offender knows, or is charged with the knowledge of, the probable result of his acts."

Gallimore, 246 Va. at 445-46, 436 S.E.2d at 424 (quoting Bell v. Commonwealth, 170 Va. 597, 611-12, 195 S.E. 675, 681 (1938)). Our Courts have held that the conduct, which results in the crime of involuntary manslaughter, "'must be something more than mere inadvertence or

misadventure. It is a recklessness or indifference incompatible with a proper regard for human life.'" Banks, 41 Va. App. at 546, 586 S.E.2d at 879 (quoting Bell, 170 Va. at 611, 195 S.E. at 681). Judged by an objective standard, "'the offender either knew or should have known the probable results of his acts.'" Id. (quoting Conrad v. Commonwealth, 31 Va. App. 113, 121-22, 521 S.E.2d 321, 325-26 (1999) (*en banc*)).

While Wyche may not have known of Taitano's heart condition, he knew or should have known, that his aggressive assault would likely result in serious injury or death. By his own testimony, Wyche was angry and upset at Taitano for calling him a "punk." Wyche hit Taitano in the face and head while he was still seated tying his shoelaces. His subsequent blows caused the victim to strike his head against the metal bed frame. He continued to aggressively kick Taitano in the face and chest with his cowboy boots after he collapsed unconscious and defenseless on the floor.

While the trial court found the evidence unclear as to whether Taitano died when he collapsed or after Wyche kicked him on the floor, it found that Wyche's conduct demonstrated a careless, reckless and indifferent disregard for the life of the victim. We conclude that the trial court did not err in finding that Wyche's aggressive assault on Taitano, including his kicking him in the head and chest after he collapsed defenseless on the floor, was a proximate cause of Taitano's death and that Wyche's conduct was so wanton and willful that it showed utter disregard for the safety and value of human life.

It was not necessary that Wyche foresee the specific manner in which Taitano's death occurred. It is sufficient that he reasonably should have foreseen that death or serious injury could result from his assault and kicks to Taitano. See Blondel v. Hays, 241 Va. 467, 475, 403

S.E.2d 340, 345 (1991). Accordingly, the trial court did not err in finding that Taitano's death was caused by Wyche's unlawful and criminally negligent conduct.

We affirm Wyche's conviction of involuntary manslaughter.

<u>Affirmed.</u>